George et al. v. Elms et al.

GEORGE ET AL. V. ELMS ET AL.

1. STATUTE OF LIMITATIONS:  *On administrator's bond.*
   A cause of action does not accrue on an administrator's bond until his accounts are finally settled in the probate court, and an order made by the court directing him to pay the amount found due to the parties entitled to it.

2. ADMINISTRATION:  *Jurisdiction acquired by service of citation.*
   The probate court acquires jurisdiction of the person of an administrator for the settlement of his accounts by service of citation and order of attachment on him.

3. SAME:  *Judgment of probate court conclusive.*
   The adjudication of the probate court in the final settlement of an administrator's accounts as to the amount of his liability, is conclusive evidence against his sureties in an action upon the bond.

4. SAME:  *Who must sue for interest of deceased heir.*
   The administrator of a deceased heir, and not his widow or heirs, must sue on the administrator's bond for his distributive interest.

APPEAL from *Yell* Circuit Court.
Hon. G. S. CUNNINGHAM, Circuit Judge.

*Jacoway & Jacoway*, for appellants.

Plaintiff's action accrued more than eleven years before suit brought, viz.: on the day of the approval of the fifth and final account.  They are barred. *Gantt's Dig., sec. 4127; 33 Ark., 658; 39 ib., 142; 23 ib., 93.  It certainly ac-*

George et al. v. Elms et al.

*crued* when the court, at the instance of the guardian of the only minor heir, ordered a distribution in April, 1873. *Gantt's Dig., secs. 157 to 168; 5 Ark., 468; 21 ib., 408 and 450.*

The final account (the fifth) not being excepted to, and having been finally approved, it was not thereafter subject to investigation, except in chancery for fraud.  *Gantt's Dig., sec. 128; 14 Ark., 122; 8 ib., 270; 20 ib., 527.*   After the lapse of the term the judgment became final, and passed beyond the control of the court.  *6 Ark., 100, 282; 14 ib., 203, 568; 22 ib., 176.*

It could not be reopened or reconsidered.   The issuance of the citation and attachment, and the subsequent sixth account under the *compulsory process* of the court, and all proceedings subsequent to the approval of the fifth account, are *coram non judice* and void.   *6 Ark., 282.*

The order of distribution made in April, 1873, was *final;* the court had jurisdiction of the *subject matter* and *person,* and the order concluded all matters that *might have been litigated.   Freeman on Judg., 3d ed., sec. 249 and 319 a; 14 Ark., 203; 1 English, 92; 7 ib., 95; 38 Ark., 457.*

*No notice was given* of the application for the second order of distribution, and the administrator being a resident of Kansas was *functus officio.   Gantt's Dig., sec. 17; 38 Ark., 393.*

Appellant's principal had paid in full three of the heirs, yet the court ordered him to pay them again.

The proper parties plaintiffs were not before the court. The representatives of James M. Elmers and the deceased minor should have been joined as plaintiffs.

*L. C. Hall,* for appellees.

An administrator's bond requires him to file annual accounts current until his administration is *closed* and he is

*discharged.* The last one is the *final* account, and should state the *cash* balance in his hand; and payment of that balance should be included so that nothing remains to be done in his fiduciary character. *28 Ind., 421; 51 Cal., 151.*

The fifth account was not *final.* The balance was not in cash, but mostly in *notes to be collected. Schouler, ex. and ad., sec. 526.* No order was made for him to make distribution; nor was he discharged. No suit could be maintained on his bond until such order was made. *5 Ark., 473; 11 ib., 12; 4 Eng., 226; 21 Ark., 405; 38 ib., 475; 25 ib., 471.*

A settlement out of court with heirs is not presumed to intend dispensing with accounting. *Schouler, ex. and ad., sec. 522.* He may be cited to appear and compelled to account. The question of what credits for payments to heirs was tried by the court; no appeal was taken, and the judgment became conclusive. *38 Ark., 458.* Lapse of time and neglect is no cause for not accounting. *22 Ark., 1.*

The order to pay *one* of the heirs was void. No notice was given to the others. *Gantt's Dig., 169; 19 Pick., 167; 3 ib., 128; Schouler, ex., etc., sec. 527, and notes.* But if valid it could not be complied with—the guardian discharged, and there was no one to receive payment. No demand was made. The assets were in notes, not cash, and were not available. *Schouler, ex., etc., sec. 506.*

The administrator was not ordered to pay until 1882, and no suit could be brought till then. Plaintiffs are not barred.

The widow of James M. Elms was entitled to receive amount due her late husband. The complaint so charged, and is not denied in the answer.

George et al. v. Elms et al.

On the 29th day of January, 1867, Squire Davis was appointed administrator of the estate of Garrett Elms, deceased, by the probate court of Yell county, and filed his bond as such with W. P. George and Alfred Sloan, as his sureties, and the bond was duly approved by the court. The administrator filed his settlements with the probate court from year to year, and on the first day of October, 1872, he filed what he termed his final account, showing a balance in his hands of $559.73, due the estate. This account was approved by the court in October, 1872. At the succeeding (April) term of the probate court, Cameron Adams, as guardian of *one* of the minor heirs of Garrett Elms, deceased, asked and obtained from the court an order requiring the administrator to pay him the distributive share of the assets of the estate due his ward. No demand was made upon the administrator for payment, however, and at the July term, 1873, the guardian was discharged from his trust, and the minor died soon after, and before coming of age. No further steps were taken in the administration until the April term, 1875, when citation was issued commanding the administrator to present his account for settlement. The citation was duly served, but the administrator failed to obey the order of the court, and having afterwards removed to another county, it was not until the October term, 1880, after having been attached, that he again appeared in the probate court and made settlement by filing his sixth account, as administrator of said estate. In this account he takes credit for items and interest, with which he was charged in his fifth, or so-called final account. He had also during the interval between the filing of the fifth and sixth accounts made private settlements with some of

the heirs, and he filed the receipts he had from them as so much paid on account, as vouchers with his sixth account. The receipts purported to be in full settlement with the parties signing them. Exceptions to this account were filed and the matter was referred to the clerk of the court, who restated the account, charging the administrator with the amount shown to be in his hands by the last previous settlement, and disallowing items claimed as credits which were charged against him by the court in former settlement. The account, as restated, was approved by the court October 11th, 1882, and Davis, the administrator, was ordered to pay to the heirs of the estate their respective shares of the amount found to be due. The administrator was represented by attorney at every stage of the proceeding. The order directing the distribution of the assets was not complied with, and this action was brought against the sureties in the administrator's bond by the surviving heirs of Garrett Elms, deceased, the widow of one of the deceased heirs joining with them. Before the final disposition of the sixth account current, the administrator removed from the state and his sureties alone are parties to this proceeding. There was judgment against them for the full penalty of the bond.

### OPINION.

1. Statute of limitations on administrator's bond.

COCKRILL, C. J. The appellants rely upon the statute of limitations as a bar to the action. A cause of action did not accrue upon the bond until the administrator's accounts were finally settled and an order made by the court directing him to pay the amount found due to the parties entitled to receive it. *Fort v. Blagg, 38 Ark., 471; Baker v. State, 21 ib., 405; Padgett v. Coleman, 45 ib., 495.*

The inference from the record is that such an order might have been procured by the administrator or the distributees as early as 1872, but a different course seems to have been thought advisable by all the parties, except the guardian of a minor heir of the deceased. He procured an order for the payment of his ward's distributive share in 1873, but the order was never acted upon; the administrator did not seek to be discharged from his trust, and continued in its discharge, apparently for the purpose of collecting some notes due to the estate before making a final distribution. The order for payment to the guardian made in 1873, did not profess to be a general or final distribution. It was made upon the *ex parte* application of a single distributee, and does not purport to apply to any interest other than the petitioner's. It does not designate any particular part or *pro rata* of the assets to be delivered or paid to him, and whatever efficacy, if any, it may have had as to him, it is apparent it did not affect the rights of the other distributees. No action could have been maintained by them until October, 1882, when the administrator's account was finally adjusted and an order for a general distribution made.

It is argued that these orders are void for want of notice to the administrator, that they would be applied for. Aside from the fact that he appeared, by attorney, at every step in the proceeding, the court acquired jurisdiction of his person by the service of the citation and order of attachment. *Pearce, ex parte, 44 Ark., 515.* If he was entitled to credits for disbursements or payments made to distributees, he should have established the fact when his account was passed upon. He then had his day in court, and the opportunity of showing why an order for the distribution of the assets, or any part thereof, should not be made (*Pearce ex parte, sup.*),

2. Jurisdiction by citation.

and having neglected to do so, the correctness of the or-
ders cannot be questioned now. The adjudication by the
probate court of the amount of his liability, is conclusive
evidence against his sureties in this action. *Jones v. State*,
*14 Ark., 170.*

*3. Probate court order conclusive.*

James Elms, one of the heirs at law of Garrett Elms, de-
ceased, died before the institution of this suit, and his
widow joined with her deceased husband's co-heirs as
plaintiff to recover his distributive share of the assets.
The interest of the deceased minor heir is not specifically
claimed by any one, though the appellees seem to lay com-
mon claim to it as his heirs at law. The court awarded them,
including the widow of James Elms, the full penalty of the
bond, thereby permitting them to recover the distributive
shares going to the estate of James Elms and the deceased
minor. That this was error has been frequently decided
by this court. The administrators of the deceased heirs
are alone entitled to recover for their interest. *Purcelly v.
Carter, 45 Ark., 299.*

*4. Who must sue for interest of deceased heir.*

If we had a sure guide by which the interests of James
Elms and the other deceased distributee could be elimi-
nated from the judgment, we would affirm as to the other
interests; but the order of distribution made by the pro-
bate court merely directed the amount due to the estate to
be paid *in solido* to the parties in interest, and we are un-
able to determine what amount should be adjudged to any
individual. The judgment must therefore be reversed for
the error indicated, and the case remanded with leave to
the plaintiffs to bring in necessary parties.