## Briggs *v.* Manning.

### Opinion delivered October 22, 1906.

1. Dower—application—notice.—An order granting dower to a widow on the same day the application for dower was filed is not void for want of notice of the application, as notice thereof could have been given as well before as after the application was filed. (Page 308.)

2. Same—presumption.—When the record of the probate court is silent as to notice of an application for dower, the presumption is that it was duly given. (Page 308.)

3. Same—conclusiveness of adjudication.—An adjudication of the probate court as to the amount of the liability of the administrator of an estate to the widow is conclusive against the administrator and his bondsmen as to any defenses that could have been made thereto. (Page 308.)

4. Public administrator—liability of bond.—The bond of a sheriff executed in his capacity as public administrator is primarily liable for any losses resulting from his failure to comply with its conditions, and remedies on it must be exhausted before recourse can be had to his official bond as sheriff. (Page 309.)

5. Contribution—sureties.—A surety on an administrator's bond, having a claim against such administrator, can recover from the other solvent sureties only their *pro rata* of the amount thereof, excluding the insolvent sureties. (Page 309.)

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; reversed.

*Bullock & Davis* and *J. M. Parker,* for appellants.

1. Where judgments have been obtained at law by fraud, courts of chancery have power to decree new trials. Am. Dig. 1901, B. p. 2392, § 72; *Ib.* § 77*b*; 61 S. W. 854; 108 Fed. 138; 47 C. C. A. 246. See, also, 61 S. W. 541; Am. Digest, 1901, E. 2386; 111 Fed. 269; 46 C. C. A. 309; 55 L. R. A. 538.

2. The judgment against Howard not being final, because appealed from, the orders for the payment of dower based on

said judgment were not binding on the sureties on Howard's bond.  52 Ark. 350; 50 Ark. 103; 24 Am & Eng. Enc. Law (1 Ed.), 864.

3.  It appearing by the record itself that the probate court had acquired no jurisdiction of the person of the administrator, the order to pay over was void.  50 Ark. 338; 49 Ark. 397.

4.  The court erred in holding that the sureties in the sheriff's bond were co-sureties with those in the administrator's bond.  The sureties in the administrator's bond were primarily liable.  Throop on Pub. Officers, § 220; *Ib.* § 236; Stearn on Suretyship, 297, 298; 59 Miss. 402; 66 Tex. 119; 18 S. W. 342; 48 Pac. 694; 102 N. C. 521; 56 Ala. 198; 23 Minn. 551.  Where an officer is required to perform a duty which is special in its nature, he is required to give a special bond, though he has already given a general bond; and, in the absence of a declaration that sureties of the general bond shall also be liable, it does not bind them for the special duty.  Cases *supra*; 16 Ohio, 17; 3 Scam. (Ill.), 123; 3 Saw. 424; 4 Nev. 429; 1 Met. 317; 38 Me. 52; 45 Pa. St. 408; 45 Wis. 281; 70 Wis. 352; 43 Mich. 567; 78 Tex. 227; 102 N. C. 52.

*M. J. Manning,* for appellee.

BATTLE, J.  On the 18th day of February, 1902, M. C. Manning, the widow of Richard Hood, deceased, now the wife of T. P. Manning, brought this action, in the Yell Circuit Court, on its law docket against Joseph H. Howard, G. W. Sturdevant, B. H. Burnett D. E. Roberts, P. M. Smith, James H. Choate, John Satterfield, John McCray, H. A. Carter and J. H. Harris, alleging that Howard was elected sheriff of Yell County; that, on the 30th day of October, 1890, he was commissioned as such sheriff by the Governor of this State, and entered upon the discharge of his duties as such officer; and that, before entering upon the discharge of such duties, he entered into bond to the State of Arkansas, in the sum of $10,000, conditioned that he would faithfully discharge and perform the duties of that office, with his codefendants as sureties thereon.  And alleged that Howard, as such sheriff, was on the second day of April, 1891, appointed public administrator of the estate of Richard Hood, deceased; that he accepted the appointment, and took possession

of the estate; that, at the July, 1900, term of the probate court of Yell County, for the Danville District, upon final settlement with plaintiff, upon due notice, he, being present and participating, was found to be indebted to plaintiff in the sum of $1,121.25 for balance due her on account of dower in the estate; that the probate court at said term ordered him as such administrator to pay her $500 as a part of such balance, and at its October, 1900, term ordered him to pay to her $621.25, the remainder thereof; and that he wholly failed to pay any part of either of such orders; and asked for judgment against the defendants on their bond for the sum of $1,121.25 and interest thereon.

The defendants answered and admitted that the orders to the defendant Howard, as administrator, to pay $500 and $621.25, to plaintiff, were made by the Yell Probate Court, but were made without notice to Howard, as such administrator; and alleged that, in ascertaining the amount due her for dower, Howard was charged with assets of the estate, amounting in the aggregate to $1,868.71, which he never received, and that she received of such assets in the aggregate $924.90, for which she never accounted; and alleged that Howard, when appointed administrator, was required to and did execute a bond for the faithful performance of his duties as such administrator in the sum of $7,000, with M. C. Hood, who is the plaintiff, J. J. Robertson, J. A. Hood, James G. Ray, T. F. Howard, W. M. Howard and D. W. Hames as sureties thereon which was approved; and that the sureties thereon are primarily liable for any defalcation or delinquency of the administrator; and asked that the sureties on the administrator's bond be made parties defendants to this action; that this cause be transferred to the equity docket of the Yell Circuit Court; and that, upon final hearing, the sureties on the administrator's bond be held primarily liable for any sum the court may find due the plaintiff.

The cause was transferred to the equity docket. The record shows that the sureties on the administrator's bond were made defendants and duly summoned, but fails to show that they filed an answer or other pleading. Howard, the administrator, having died, W. F. Briggs was appointed his special administrator in this cause.

On the second day of January, 1905, John M. Satterfield.

assignee of J. H. Hood, Alex Hood, J. R. Finch, Thos. Finch, Nannie Harris, Emma Hooper, Margurette Ray, Dick Hood, John Hood, Charles Hood, Rube Hood, Mrs. Bruce Wallace, Jessie Hood, Nathan Hood, Emma Blalock and J. A. Hood, heirs of the late Richard Hood, deceased, filed a cross-complaint against the plaintiff, J. H. Howard, as administrator of Richard Hood, deceased, B. H. Burnett, J. H. McCray, Dave Roberts, G. W. Sturdevant, P. M. Strait, J. H. Harris and James H. Choate, containing substantially the same allegations as to assets wrongly charged to Howard, as administrator, and as to assets converted by plaintiff, as contained in the answer of the defendants, and asking that the orders of the probate court directing that dower be paid to plaintiff be set aside for fraud, and that an account of the amount received by the administrator and the amount due plaintiff be taken, and for judgment against her "for any sums she is found to have received in excess of the amount due her as dower," and other relief.

Plaintiff filed an answer and response to the answer of the defendants and cross-complaint of assignee of heirs, in which she denied that the orders for dower were procured by fraud, and alleged that the matters set up in defense and bar of her action were *res judicatae* by the probate court in the proceedings in which the orders were obtained.

This cause came on to be heard, and was heard by the Yell Chancery Court, and the court found that all the matters alleged in bar and defense in the defendant's cross-complaint had been adjudicated by the Yell Probate Court; that the sureties on the two bonds of Howard, as sheriff, and as administrator, were co-sureties, and each is liable for the misconduct or default of Howard, as administrator of Richard Hood, deceased; that the Yell Probate Court for the Danville District made the orders directing Howard, as such administrator, to pay to the plaintiff the respective sums of $500 and $621.25; that he had failed to do so; that plaintiff, then M. C. Hood, did sign and become surety on the bond of Howard, as such adminsistrator, and as such surety is liable for one-fifteenth of the amount recoverable in. this suit upon the two bonds, and can recover only fourteen-fifteenths of such amount; rendered a decree in her favor against certain of the defendants, naming them, for $1,046.50 for her

debt, and $263.94, for damages, and for interest and costs. The defendants appealed.

The defendants attack the orders for the payment of dower to appellee upon the ground that no notice that an application to the probate court for dower would be made by appellee was given to the administrator. The record fails to sustain this contention, and does not show that it was or was not given, and in that respect is silent. But appellants say the record shows that the application for the last or second order for dower was filed and the order was made on the same day, and that it, therefore, shows that no notice could have been given after the filing of the application. This may be true, and still the order be valid. The notice might have been given before the application was filed that it would be made at the time of the filing. When letters of administration were granted upon the estate of Hood, it passed into the jurisdiction of the Yell Probate Court, and the administration and administrator thereof became subject to the control and supervision of that court (*Sturdy* v. *Jacoway,* 19 Ark. 499, 515), and notice of the application could have been given as well before as after it was filed. This is in accordance with the practice in probate courts as regulated by statutes in other cases. When claims or demands against an estate have been disallowed by an administrator, notice of its presentation to the court may be given before it is filed, and notice of an application to the probate court for an order to sell lands of a deceased person may be given before the application is filed. This seems necessarily to follow the fact that the estate is already in the jurisdiction of the probate court, and the administrator is subject to his order and control in the administration thereof.

The probate court being a court of superior jurisdiction and its record being silent as to notice of the application, the presumption is that it was duly given. *Borden* v. *State,* 11 Ark. 519; *Boyd* v. *Roane,* 49 Ark. 397; *Marks* v. *Matthews,* 50 Ark. 338; *McLain* v. *Duncan,* 57 Ark. 53; *McConnell* v. *Day,* 61 Ark. 474; *Clay* v. *Bilby,* 72 Ark. 101, 107.

In adjudicating the appellee's right to dower in the estate of Richard Hood, deceased, it was the duty of the probate court to ascertain the amount of the assets of the estate that were received by the administrator, and to credit the estate with all the

assets converted by appellee to her own use. It was the duty of the defendant to set this conversion up as a defense. No reason is given why it was not done. The orders for dower, therefore, swept away all the defenses which appellants now seek to set up in bar of her right to recovery; "and this, too, for the purpose of every subsequent suit, whether founded on the same or a different cause." *Roth* v. *Merchants' & Planters' Bank,* 70 Ark. 200, 203; *Ellis* v. *Clarke,* 19 Ark. 421; *Bell* v. *Fergus,* 55 Ark. 538; *Davis* v. *Brown,* 94 U. S. 423.

The adjudication of the probate court as to the amount of the liability of the administrator of Hood to appellee for dower is equally conclusive against his sureties in an action on his bonds. *George* v. *Elms,* 46 Ark. 260; *Jones* v. *State,* 14 Ark. 170; *Wycough* v. *State,* 50 Ark. 102; *Bailey* v. *Gibson,* 29 Ark. 472; *State* v. *Wood,* 51 Ark. 205.

The sureties on the bond of Howard as sheriff insist that the sureties on his administrator's bond are primarily liable for his failure to perform the obligation of the latter bond, and in their answer in this suit, which is in the nature of a cross-complaint, ask that they be so held. This contention is correct. The statute provides: "When any property of any deceased person shall come into the hands of any public administrator, he shall enter into the like bond and security as is now or may hereafter be prescribed in cases of administrators in ordinary cases." Kirby's Digest, § 257. The General Assembly, in enacting this statute, evidently thought that the sheriff's bond might not in all cases be sufficient to cover all the liabilities of the sheriff and public administrator, and to provide against any such deficiency required him to give a bond to specially protect those interested in any particular estate against losses occasioned by his failure to discharge his duties in respect thereto. Such bond, when filed, is like a special fund set apart for their protection and security; and in order to fully answer its purpose the sureties thereon must be primarily liable for any losses resulting from a failure to comply with its conditions: otherwise it might be entirely useless and unnecessary.

It follows that appellee must exhaust her remedies on the administrator's bond, and, being a surety on that bond, she can have no recourse on the sheriff's bond. If one of the sureties

on the administrator's bond should pay more than his part, he "has a right in equity to recover, as contribution from his solvent co-sureties on that bond, a *pro rata* amount of the sum paid by him, based upon the number of solvent co-sureties, and excluding the insolvent ones." 1 Brandt's Suretyship and Guaranty (3 Ed.), § 314, and cases cited; Stearns, Law of Suretyship, § 289.

Reversed and remanded for decree and proceedings consistent with this opinion.