UNITED STATES FIDELITY & GUARANTY COMPANY v. HODGINS.

Opinion delivered May 1, 1916.

1.  ADMINISTRATION—ORDER OF PROBATE COURT—COLLATERAL ATTACK.—
An order of distribution of an estate, made by the probate court, is not open to collateral attack, either on the ground that notice was not given to the other distributees, or that the debts of the estate had not been paid.

2. ADMINISTRATION—ORDER OF DISTRIBUTION—CONCLUSIVENESS.—A probate court's order of distribution is conclusive, not only upon the administrator, but upon the surety, as to all matters which were adjudicated or which could have been adjudicated in the order of distribution.

3. ADMINISTRATION—RBEACH OF BOND—SETTLEMENT BETWEEN HEIRS.—It is no defense to an action upon an administrator's bond to allege that the heirs agreed to a certain settlement prior to the court's order of distribution. *Semble*, but the fact of a settlement subsequent to the order of distribution may be pleaded as a satisfaction of the order of distribution.

Appeal from Benton Circuit Court; *J. S. Maples*, Judge; affirmed.

*Dick Rice*, for appellant.

1. The complaint stated no cause of action. 47 Ark. 22; 107 S. W .170; *Ib*. 1177.

2. It was error to sustain the demurrer to the answer. It stated good defenses. Kirby's Digest, § § 163-4, 160-1; 55 Ark. 79; 17 S. W. 587; 57 Ark. 232; 21 S. W. 223; 97 *Id*. 282; 17 Ark. 567; 35 *Id*. 137; 48 *Id*. 3; 57 *Id*. 352.

3. Family settlements are uniformly upheld. A family settlement was a good defense. 98 Ark. 93; 102 Ark. 658; 14 Cyc. 132.

*W. N. Ivie* and *C. A. Fuller* for appellee.

Every defense alleged was one that should have been alleged and litigated in the probate court. The order of distribution by that court is conclusive. 80 Ark. 304; 70 *Id*. 200; 19 *Id*. 421; 55 *Id*. 538; 94 U. S. 423; 46 *Id*. 260; 14 *Id*. 170; 50 *id*. 102; 29 *Id*. 472; 51 *Id*. 205; 40 L. R. A. (N. S.) 712; 107 Ark. 41; 154 S. W. 198.

McCULLOCH, C. J. This is an action instituted by the plaintiff, Helen Rucker Hodgins, against the defendant United States Fidelity and Guaranty Company, on a surety bond executed by said defendant for the administrator of the estate of J. C. Rucker, deceased. It is alleged in the complaint that the plaintiff is one of the heirs and distributees of the estate of said decedent; that the accounts of the administrator had been adjusted by the

probate court of the county, and that an order had been made by said probate court directing the administrator to pay over to the plaintiff the sum of $2,121.50 as her distributive share of the funds of said estate in the hands of the administrator. It is further alleged that the ad-, ministrator had failed and refused to pay over said sum of money to the plaintiff in accordance with the order of the probate court, and that the conditions of said surety bond executed by the defendant were therefore broken.

(1-2) Defendant filed an answer containing numerous paragraphs, to some of which the court sustained a demurrer. The only errors assigned here are those which relate to the decision of the court in sustaining the demurrer to the answer. The first assignment relates to a paragraph of the answer which challenges the validity of the order of distribution made by the probate court on the ground that there was no finding by the court that the debts of the estate had been paid, and that no notice was given by the plaintiff to the other heirs of the intention to apply for an order of distribution. Those assignments are to be disposed of by the statement that the order of distribution made by the probate court is not open to collateral attack, either on the ground that notice was not given to the other distributees or that the debts of the estate had not been paid. "The probate court being a court of superior jurisdiction," said Judge Battle, speaking for the court in the case of *Briggs* v. *Manning*, 80 Ark. 304, "and its record being silent as to notice of the application the presumption is that it was duly given." The order of distribution is conclusive, not only upon the administrator but upon the surety, as to all matters which were adjudicated or which could have been adjudicated in the order of distribution. *George* v. *Elms*, 46 Ark. 260.

(3)    Another paragraph to which the demurrer was sustained undertakes to set up as a defense to this action an alleged settlement of the estate between the different heirs and distributees. That, too, is concluded by the judgment of the probate court ordering the distribution

and the payment to the plaintiff of the amount mentioned in the complaint as her distributive share. If that paragraph of the answer had set forth a settlement among the heirs subsequent to the order of distribution, then that fact could have been pleaded as a satisfaction of the order of distribution, and consequently a sufficient defense by the surety against the alleged breach of the obligations of the bond; but there is no allegation that this settlement occurred subsequent to the order of distribution, therefore the said order is conclusive of the right of the parties at the time the order was made.

We are of the opinion, therefore, that the paragraphs to which the court sustained demurrers did not set forth a defense to the plaintiff's action and that the court was correct in sustaining the demurrers.

Judgment affirmed.