HARRIS *v.* MOSLEY.

4-4833

Opinion delivered November 29, 1937.

*Danaher & Danaher* and *Sam M. Levine,* for appellants.

*Rowell, Rowell & Dickey,* for appellees.

MEHAFFY, J. On December 26, 1928, Gilbert Walker, a widower, executed and delivered to E. B. Stokes, trustee for the Bank of Wabbaseka, his promissory note for the sum of $1,435.88, due December 15, 1929, with interest from date until paid at the rate of 10 per cent. per annum. On the same date, to secure the payment of said indebtedness, Gilbert Walker executed and delivered to the trustee his deed of trust conveying the northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter of section 15, township 4 south, range 7 west, in Jefferson county, Arkansas. The deed of trust provided that it should secure the bank for the payment of any and all renewals of said note and any and all other amounts that the said Walker might owe the bank between the date of the execution of the mortgage and December 31, 1932.

After the execution of said note and mortgage, on January 30, 1929, Gilbert Walker married Lucy Ford. The Bank of Wabbaseka was placed in the hands of the State Bank Commissioner for liquidation in 1930.

On March 30, 1930, Gilbert Walker renewed the note, giving to the bank a new note. His wife did not join in the note, and no other mortgage was executed. This renewal note was for the sum of $1,935.88, $500 in excess of the original note with interest at the rate of 10

per cent. per annum from date until paid. The second note matured November 15, 1930.

On June 17, 1935, the appellees filed suit to foreclose the lien of the deed of trust on the 80 acres of land which was the homestead in Jefferson county, Arkansas. Gilbert Walker died February 19, 1933, survived by a widow, Lucy Ford Walker, and numerous heirs, including the appellant, Bennie Harris, who was a minor under the age of 14 years. Neither Bennie Harris nor the widow were made parties to the foreclosure suit, that is, the widow was not made a party, and Bennie Harris was not served. On November 4, 1936, the chancery court of Jefferson county entered a decree foreclosing the mortgage and directing the sale of the property, but as to Bennie Harris, the case was continued for further service.

A receiver was appointed and on April 10, 1937, the court ordered the sheriff of Jefferson county to dispossess the persons in possession of the property and to surrender the possession to the receiver. A guardian *ad litem* for Bennie Harris, a minor, was appointed on November 4, 1936, and on that date answer was filed by the guardian for the minor.

On April 12, 1937, Lucy Ford Walker, widow of Gilbert Walker, entered her appearance. On April 27, 1937, an amendment to the complaint was filed asking that Lucy Ford Walker be joined as defendant in order that her right of dower and homestead, if any, may be foreclosed and barred, and that the plaintiff have and recover of the defendants, as prayed in their original complaint, and that the same be declared a first lien on the lands described in the original complaint, and that all right, title and interest, including dotal and homestead rights, if any, of the defendant, Lucy Ford Walker, and that all right, title and interest of the other defendants be foreclosed and forever barred.

On May 6, 1937, Lucy Ford Walker filed answer denying the allegations of the complaint and alleging that she was the widow of Gilbert Walker, and as such was entitled to the possession of rents, revenues and profits; that the lands constituted her homestead, and

she had a dower interest in said lands; that the deed of trust was void, because the indebtedness sued on was contracted while she and Gilbert Walker were married and living together as man and wife, and that she did not join in the conveyance; that the claim against her was barred by the statute of limitations, and that the obligation sued on was void because a greater rate of interest than allowed by law was charged and sought to be collected.

The evidence is sufficient to show that the claim against Lucy Ford Walker and Bennie Harris was barred by the statute of limitations. The undisputed facts are that Gilbert Walker, in the latter part of December, 1928, executed the note and mortgage sued on, and at that time he was a widower; that thereafter, in January following, he married Lucy Ford. The obligations he gave before the marriage amounted to $1,435.88. The note executed after the marriage was for $500 in excess of the original amount covered by the note and mortgage.

In the original suit, Lucy Ford Walker was not made a party, and, of course, was not bound by the decree. Bennie Harris had not been properly served, and, of course, he was not bound by the decree.

The undisputed facts further show that the property involved was the homestead of Walker and his wife, and under the constitution and laws of Arkansas, when Lucy Ford Walker married Walker, she became entitled to dower interests in his property. Section 4396 of Pope's Digest reads as follows: "A widow shall be endowed of a third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless the same shall have been relinquished in legal form."

Where, however, the land was mortgaged at the time of the marriage, her rights would be governed by § 4401 of Pope's Digest, which reads as follows: "Where a person seized of an estate of inheritance in land shall have executed a mortgage of such estate before marriage, his widow shall nevertheless be entitled to dower out of

the lands mortgaged as against every person except the mortgagee and those claiming under him.''

Section 4403 provides that if lands are mortgaged and sold to pay the mortgage debt, the widow is entitled to share in the surplus or excess above the mortgage debt.

The widow acquired no rights in the land superior to those of the mortgagee, but took whatever rights she had in the land subject to the mortgage, and as against the widow, the mortgagee had a right to foreclose the mortgage and bar her dower and homestead interests, if it undertook to do so before its cause of action was barred by the statute of limitation; but we have concluded that the evidence shows that it did not do this. Her rights were subject to the mortgage existing at the time of the marriage, but any increase in the indebtedness secured by the mortgage made after the marriage would be void as against her, because it is conclusively shown that she did not join in the mortgage, and this being a homestead, no increase in the mortgage debt would be binding on her, unless she agreed to it and joined in the execution of a mortgage.

But the appellants in this case seek to assert their rights as against the mortgagee. The statute of limitations is a bar to the cause of action, the remedy, but it does not extinguish or impair the obligation of the debtor. The mortgage existing at the time of the marriage was binding on appellants, and although the action against them is barred by the statute of limitations, they cannot enforce these claims without paying the obligation secured by the mortgage.

''Whenever a mortgagor seeks a remedy against his mortgagee which appears to the court to be inequitable, the court will deny him the relief he seeks except upon the condition that he shall do that which is consonant with equity. The statute of limitations is a bar to the remedy only, and does not extinguish or even impair the obligation of the debtor. It is available in judicial proceedings only as a defense and can never be asserted as a cause of action in his behalf.'' *Hill* v. *Bush*, 192 Ark. 181, 90 S. W. 2d 490.

Therefore, while the claims against appellants were barred by the statute of limitations, yet when they assert their claims they can only succeed by paying the mortgage indebtedness; that is, the indebtedness secured by the mortgage at the time of the marriage.

This cause is, therefore, reversed and remanded with directions to permit the appellants to show by evidence what the mortgage indebtedness was at the time of the marriage, and permit them to redeem by paying that amount.

It is so ordered.