CARRIE SIMS DAVIDSON ET AL v
TROY HARTSFIELD

5-5505                    468 S. W. 2d 774

Opinion delivered June 28, 1971

*John M. Pittman, James P. Baker, Jr.,* and *U. A. Gentry,* for appellants.

*David Solomon,* for appellee.

JOHN A. FOGLEMAN, Justice. This action originated with a complaint by appellants in which they sought to cancel the claim of appellee to an 80-acre tract of land in Phillips County as a cloud on appellants' title.[1] Ap-

---

[1]After filing of the complaint, it was discovered that appellee claimed only 40 acres of the tract. The litigation was thereafter conducted as if it related only to the portion claimed by appellee.

pellants alleged that appellee had planted and harvested crops on parts of the land in 1967 and 1968. Appellants professed not to know the exact nature of appellee Hartsfield's claim. Appellee filed an answer claiming title by virtue of deeds to him by Beaver Bayou Drainage District of Phillips County, dated June 11, 1966, and from the Cotton Belt Levee District No. 1 of Phillips County, dated April 29, 1967. He alleged that these districts acquired title through actions foreclosing their liens on the lands arising from taxes, benefits and assessments and that the interest of appellants was thereby extinguished. He also alleged that before the conveyances to him, the districts had acquired the title of the State of Arkansas, which also resulted from the nonpayment of taxes due it. Appellee further pleaded the statute of limitations, laches and estoppel. The chancery court found the issues in favor of appellee and dismissed appellants' complaint.

On appeal, appellants state that the respective improvement district titles were barred by adverse possession of appellants and their predecessors in title. There seems to be no doubt that appellants, their predecessors in title or their tenants had been in actual possession of the lands in question, most of which were in cultivation for many years, up to and including the year 1966. Appellants contend that their continued possession of the land following its sale for nonpayment of accruing installments of benefits assessed in the improvement districts barred the rights of the districts, and, consequently, of their grantee. This argument, insofar as deeds to the districts more than seven years prior to appellee's taking possession are concerned, would be well taken in each instance were it not for Act 82 of 1945. That act made the statute of limitations inapplicable to lands which had been sold to an improvement district. Yet, it is necessary that we determine the effect of this act on appellee's title.

The contentions of the parties and the validity of the deeds under which appellee claims can best be under-

stood by the following chronological table of the pertinent proceedings:[2]

| No. | Date | Item (Where land descriptions are not given the instrument affected the entire 40 acres involved.) |
|---|---|---|
| 1 | May 21, 1925 | Decree of chancery court foreclosing lien of Beaver Bayou Drainage District for unpaid installment of assessed benefits for 1924. |
| 2 | Sept. 24, 1925 | Report of commissioner's sale to Beaver Bayou Drainage District pursuant to decree described as Item 1 confirmed by chancery court, and commissioner directed to execute deed to purchaser. Deed was acknowledged in open court and approved. |
| 3 | June 14, 1927 | Commissioner's deed pursuant to Item 2 recorded. |
| 4 | June 24, 1930 | Clerk of Phillips County certified that S½ NW¼ NE¼ of Sec 3, T 3S, R 2E, was sold to the State of Arkansas for nonpayment of the state and county taxes assessed for the year 1927, which remained unredeemed on that date and were forfeited to the state. |
| 5 | May 26, 1934 | Title of the state under tax sale and forfeiture for nonpayment of 1927 taxes was confirmed by the chan- |

[2]We do not consider a foreclosure by Cotton Belt Levee District No. 1 for an unpaid installment of assessed benefits for 1922 because the lands are described as all E. of Big Creek W½ Frl. NE¼ of Sec. 3. Examination of a plat and aerial photograph in the record convinces us that this description does not include any of the lands involved here.

cery court in a suit brought by the state pursuant to Act 296 of 1929, S½ NW¼ NE¼ Sec 3.

6   Mar. 1947 term
Decree of chancery court foreclosing lien of Beaver Bayou Drainage District for unpaid installment of assessed benefits for 1946 on S½ NW¼ NE¼ Sec 3.

7   July 31, 1947
Commissioner sold lands to Beaver Bayou Drainage District pursuant to Item 6.

8   Sept. 20, 1950
Commissioner's deed pursuant to Items 6 and 7 approved and acknowledged in open court.

9   Sept. 22, 1950
Commissioner's deed described in Item 8 recorded.

10  Aug. 15, 1951
County clerk certified that N½ SW¼ NE¼ of Sec 3 was sold to the state for nonpayment of general taxes assessed for the year 1947, which remained unredeemed on that date and was forfeited to the state.

11  Jan. 17, 1952
Decree of chancery court foreclosing lien of Cotton Belt Levee District for unpaid installments of assessed benefits for 1937 and 1938 on S½ NW¼ NE¼ Sec 3.

12  July, 1952 term
Decree of chancery court foreclosing lien of Cotton Belt Levee District No. 1 for unpaid installments of assessed benefits for 1939 on S½ NW¼ NE¼ Sec 3.

13  July 28, 1952
Commissioner sold land to Cotton Belt Levee District pursuant to Item 12.

14 July 28, 1952 — Decree of chancery court foreclosing lien of Cotton Belt Levee District No. 1 for unpaid installments of assessed benefits for 1940 and 1941.

15 Aug. 21, 1953 — State deeds lands to the Beaver Bayou Drainage District, upon evidence of erroneous certification of the lands as forfeited pursuant to Act 206 of 1943.

16 Sept. 29, 1954 — Commissioner sold lands to Cotton Belt Levee District No. 1, pursuant to Item 11 and reported sale which was confirmed by chancery court; deed was approved and acknowledged in open court.

17 Sept. 29, 1954 — Commissioner's report of sale set out in Item 13 approved by chancery court. Deed approved and acknowledged in open court.

18 Sept. 29, 1954 — Commissioner sold lands to Cotton Belt Levee District No. 1 pursuant to Item 14 and reported sale, which was confirmed by chancery court. Deed was approved and acknowledged in open court.

19 Sept. 30, 1954 — Commissioner's deed pursuant to Items 11 and 16 recorded.

20 Sept. 30, 1954 — Commissioner's deed described in Item 17 recorded.

21 Sept. 30, 1954 — Commissioner's deed pursuant to Items 14 and 18 recorded.

22 Mar. 29, 1955 — Title of the state to N½ SW¼ NE¼ Sec 3 under tax sale and forfeiture for nonpayment of 1947 taxes confirmed by the chancery court in a suit brought by the state.

23 June 11, 1966    Quitclaim deed from Beaver Bayou Drainage District to appellee conveying all right, title and interest of district by reason of tax forfeiture for the year 1966 and prior years.

24 Apr. 29, 1967    Quitclaim deed from Cotton Belt Levee District No. 1 to appellee conveying all right, title and interest of district by reason of tax forfeitures from the year 1965 and prior years.

It is extremely difficult to follow appellants' arguments, because all are lumped under their only point to be relied on—"that the learned trial court erred in finding for the appellee on the issue of title." They do contend, however, that the foreclosure of the lien of Cotton Belt Levee District No. 1 for unpaid installments of benefits assessed for the years 1937 and 1938 (Item 11 above) was barred by the three-year statute of limitations provided by Ark. Stat. Ann. § 20-1140 (Repl. 1968). This statute does not apply to this district or to Beaver Bayou Drainage District. See Ark. Stat. Ann. § 20-1142 (Repl. 1968); *Whitaker & Co.* v. *Sewer Imp. Dist. No. 1,* 229 Ark. 697, 318 S. W. 2d 831. However, Ark. Stat. Ann. § 20-1128 (Repl. 1968) does apply and, insofar as pertinent, contains identical language. We find nothing whatever in the abstract of title exhibited or the abstract of the record to indicate the date when the foreclosure suit was filed, so we are unable to say whether this statute of limitations would have applied, in any event.

Foreclosure suits by levee districts and drainage districts are conducted in accordance with the practice and proceedings of chancery courts, with minor and irrelevant exceptions. Ark. Stat. Ann. § 21-634 (Repl. 1968); Ark. Stat. Ann. § 21-547 (Repl. 1968). A statute of limitations, generally speaking, is a defense in judicial proceedings. *Western Union Telegraph Co.* v. *State,* 82 Ark. 309, 101 S. W. 748; *Harris* v. *Mosley,* 195

Ark. 62, 111 S. W. 2d 563. It must be specially pleaded in a chancery foreclosure. *Livingston* v. *New England Mortgage Security Co.,* 77 Ark. 379, 91 S. W. 752. A decree of foreclosure by· a court having jurisdiction cuts off all defenses that could have been raised therein, including the statute of limitations. *Livingston* v. *New England Mortgage Security Co.,* supra; *Shaw* v. *Polk,* 152 Ark. 18, 237 S. W. 703; *Briggs* v. *Manning,* 80 Ark. 304, 97 S. W. 289. A decree cannot be avoided on collateral attack upon the ground of any defense, including the statute of limitations, that might have been asserted in the proceeding in which it is rendered. *Lewis* v. *Bank of Kensett,* 220 Ark. 273, 247 S. W. 2d 354; *Wallace* v. *Brown,* 22 Ark. 118, 76 Am. Dec. 421. A decree by default is as conclusive on collateral attack as any other rendered by a court having jurisdiction. *Lewis* v. *Bank of Kensett,* supra. A decree of a court, vested by statute with jurisdiction to foreclose specified liens by suits in rem upon constructive service by publication, is not subject to collateral attack, when the provisions of the act have been followed and such a decree is given the same favorable presumptions as those rendered upon personal service. *Hobbs* v. *Lenon,* 191 Ark. 509, 87 S. W. 2d 6.

Even if the record had disclosed that the statute had run, this defense is not now available to appellant. For the same reason, it is not available in regard to any of the improvement district foreclosures.

Appellants also contend that Beaver Bayou Drainage District's title under the foreclosure proceedings on account of the 1924 installment was barred by the seven-year statute of limitations set out in Ark. Stat. Ann. § 37-101, (Repl. 1962), before it was amended in 1945. This statute began to run on the date the period of redemption expired. *Pinkert* v. *Polk,* 220 Ark. 232, 247 S. W. 2d 19. The date of the foreclosure sale is not disclosed in the record, but it obviously was prior to September 24, 1925, the date of the commissioner's report of sale. The period of redemption expired after two years, so the statutory bar against Beaver Bayou on account of this foreclosure became complete at least by

September 24, 1934. Section 24, Act 279 of 1909, also Ark. Stat. Ann. § 20-1145 (Repl. 1968). The subsequent amendment to the statute (37-101) could not revive the district's claim since the rights of appellants had become vested under the statute before amendment. See *Smith* v. *Spillman*, 135 Ark. 279, 205 S. W. 107, 1 A. L. R. 136; *Dean* v. *Brown*, 216 Ark. 761, 227 S. W. 2d 623; *Meadows* v. *Costoff*, 221 Ark. 561, 254 S. W. 2d 472; *Pope's Ex.* v. *Ashley's Ex.*, 13 Ark. 262; *Couch* v. *McKee*, 6 Ark. 484. Appellee cannot succeed upon the basis of this foreclosure. (Items 1, 2 and 3.)

Beaver Bayou District also foreclosed on the S½ NW¼ NE¼ on account of the 1946 installment. (Items 6, 7, 8 and 9.) The three-year statute of limitations would not have applied to this foreclosure, even if pleaded. Appellants contend, however, that the seven-year statute bars this foreclosure in spite of the 1945 amendment.

Act 82 of 1945, effective February 21, 1945, (*Pinkert* v. *Lamb*, 215 Ark. 879, 224 S. W. 2d 15), added the following proviso to Ark. Stat. Ann. § 37-101 (Repl. 1962):

Provided, however, that this section shall not apply to lands which have been sold to any improvement district of any kind or character for taxes due such districts, or to any taxes due any such improvement district, but the lien of said taxes shall continue until paid.

Appellants argue that this proviso is not available to appellee, a purchaser from an improvement district, but that it benefits improvement districts only. The plain language of the statute answers this argument. It does not provide that the seven-year statute does not apply to improvement districts. It does provide that it does not apply to *lands* which have been sold to any improvement districts of any kind or character for taxes due such districts. The statute would be meaningless if construed according to appellants' contention, because the district could never dispose of property to which it held title but not possession. The clear inten-

tion of the statute was to permit an improvement district to hold title without taking possession from the landowner but not at the risk of bar of a prospective sale by the seven-year statute.

It has been held that this statute is not only available as a defense to one in possession, but that it amounts to an investiture of title and may be used as the basis for title in an affirmative action by the possessor. *Worthen* v. *Rushing,* 228 Ark. 445, 307 S. W. 2d 890; *Jeffery* v. *Jeffery,* 87 Ark. 496, 113 S. W. 27; *Hart* v. *Sternberg,* 205 Ark. 929, 171 S. W. 2d 475. The quitclaim deed to appellee conveyed all title and right of the district. Consequently, appellants' additional argument that the statute, as amended, cannot be relied upon by appellee in appellants' action to quiet title as distinguished from one for recovery of possession is without foundation. Appellants themselves are using the statute as the basis of their action and not as a defense, in spite of the supposed limitation of the statute, before the amendment, to suits for recovery of land. It would be inconsistent to hold that the statute is available to one as basis for quieting title, but that the added proviso was not available to another defending that very action.

Title was vested in Beaver Bayou District by this 1946 foreclosure. Title in the district because of previous foreclosures had been previously divested by adverse possession as above pointed out. Consequently, appellee's title to this 20-acre tract must prevail against appellants' claim.

The Cotton Belt Levee District title on account of the foreclosure for the 1937 and 1938 installments (Items 14, 18 and 21); were also valid for the same reasons. was also the date of sale. The bar of the seven-year statute no longer applied, because of Act 82 of 1945. We should add that the foreclosures on this tract for 1939 (Items 12, 13 and 17) and for 1940 and 1941 (Items 14, 18 and 21) were also valid for the same reasons. Appellants argue that these subsequent foreclosures could not be valid because of our previous holding in

such cases as *Crowe* v. *Wells River Savings Bank,* 182 Ark. 672, 32 S. W. 2d 617. (See also *Terry* v. *Drainage District No. 6,* 206 Ark. 940, 178 S. W. 2d 857, in which *Word* v. *Grigsby,* 206 Ark. 164, 174 S. W. 2d 439, infra, was ignored.) In these cases we had held that once an improvement district acquired title through foreclosure, it could not rely upon later foreclosures to vest title. These cases are no longer authoritative. In *Street Improvement District No. 419* v. *Pinkert,* 221 Ark. 265, 253 S. W. 2d 780, we rejected such a contention as is made here, pointing out the unsoundness of the premise on which *Crowe* was decided. We relied upon *Word* v. *Grisby,* supra, (in which *Crowe* was not mentioned), where we reached a result directly contrary to that of *Crowe.* Not only is the rule in *Street Improvement District No. 419* v. *Pinkert,* supra, a later declaration, it is certainly the sounder of the two rules. If the first foreclosure sale should prove to be invalid, then under the *Crowe* rule an improvement district could be barred as to subsequent unpaid installments both on those on which it had also foreclosed and on those on which it had not foreclosed in reliance on the *Crowe* rule. Such a result is contrary to the basic fundamentals on which improvement districts are organized and financed. The earlier Beaver Bayou foreclosures did not bar these by Cotton Belt. *Street Improvement District No. 419* v. *Pinkert,* supra. Appellee's title to the entire 40 acres is valid because of these foreclosures.

We need not consider the effect of the deed from the state to Beaver Bayou Drainage District, in view of the validity of appellee's title by reason of the improvement district foreclosures. Neither the forfeiture for 1927 (Item 4) nor that for 1947 (Item 10) was any impediment to the improvement district foreclosures upon which appellee's title is based. Ark. Stat. Ann. § 20-1146 (Repl. 1968).

The decree is affirmed.