BAILEY et al. vs. GIBSON et al.

1. CHANCERY JURISDICTION: *To render a decree for damages on an injunction bond.*

Under the statute a court of equity may, upon dissolution of an injunction, assess the damages and render a decree therefor against the plaintiff; and such assessment will be conclusive against the sureties on the bond, but the court has no jurisdiction to render a decree against them.

2. PRACTICE IN SUPREME COURT: *Where there was no jurisdiction in the court below.*

This court will review a chancery cause brought into it by appeal, whether the court below had jurisdiction or not.

3. STAY BOND: *When it creates a merger of the judgment.*

Under the provisions of the code, the execution of a stay bond merges: the original in the statutory judgment as to the defendants who execute the bond, if not to all of them; but if the original judgment be void all the subsequent proceedings based thereon are equally so and this rule will not operate.

Bailey et al. vs. Gibson et al.

APPEAL from *Boone* Circuit Court.

Hon. J. H. HUCKLEBERRY, Circuit Judge.

Before the Hon. Hon. WILLIAM M. HARRISON, Judge.

Hon. S. W. WILLIAMS and J. L. WITHERSPOON, Special Judges.

On motion by appellees to dismiss the appeal.

*Brown & Ford,* for appellant.

*U. M. Rose, contra.*

WILLIAMS, Sp. J.    In this case there was an injunction granted on a bill presented by one Hart, who sued as a citizen and tax payer of Boone county, for himself and others; and J. M. Bailey and about twenty others signed an injunction bond to defendants in the injunction suit, to wit, John J. Jones, sheriff and collector of Boone county; W. W. Jernigan, county judge; John C. Phillips, associate justice of the county court; J. W. Doubleday, county attorney; N. B. Cramp, clerk, and J. J. Thompson, commissioner of public buildings.

The suit was for an injunction to restrain the collection of taxes for a public building at Harrison, on the ground that the county site of Boone county had not been located legally there.    The suit was brought by Hart as a citizen and tax payer in behalf of himself and others.    The injunction bond was in the usual statutory form, binding the parties in the sum of one thousand dollars, to pay the damages which might be sustained by reason of the injunction, if it was finally decided that it ought not to have been granted.    This bond was executed upon the granting of a temporary restraining order; afterwards it was ordered by the judge of the circuit court that a larger bond be filed, and in default, that the temporary restraining order be set aside; afterward, in term time, there is an order finally dissolving the injunction on this ground, and the case is continued for the assessment of damages.    Up to this point the cause is entitled:

"*G. Hart et. al., Citizens and Tax Payers of Boone Co., Ark., plaintiffs, against J. J. Jones et al., defendants.*" At a subsequent term appears in the transcript the following order under the following title: "*J. M. Bailey et. al., plaintiffs, No. 9, against Joseph K. Gibson et. al., defendants.*" "Now, on this day, this cause comes on to be heard for the assessment of damages, for which purpose this cause was heretofore continued, and the court, sitting as a jury, after hearing all the evidence in the case, and being sufficiently advised in the premises, doth find that Joseph K. Gibson, James O. Nicholson, W. S. Allen, John J. Jeffreys and Thomas F. Layton of the firm of Layton & Jeffreys, Henry C. Green and John D. Edwards of the firm of Green & Edwards and Henry C. Green, are damaged in the sum of five hundred and forty-seven $\frac{80}{100}$ dollars, by reason of the injunction heretofore wrongfully granted in this cause. It is therefore considered that the said Joseph K. Gibson and the other above named persons (naming them) do have and receive of and from the bondsmen, J. M. Bailey (then follow the names of all the persons on the bond in the Hart case, in the order of their signing), the sum of five hundred and forty-seven dollars and eighty cents for the damage, etc."

The proceedings were doubtless a continuance of the Hart case, which the coincidence of the names of the bondsmen and other statements in the record tend to establish. The record should have shown how and why the change of parties occurred.

This judgment was rendered against securities in an injunction bond immediately after assessing damages on dissolution of the injunction and was a part of the same, and was rendered on the bond against the securities.

The statute authorizes, on dissolution of an injunction, the court of chancery in which it is pending, to assess damages by jury or otherwise (Gantt's Dig., 3482); and on this assessment

to render a decree against plaintiff, because he is before the court and personally subject to its jurisdiction, and this assessment is conclusive against the security. Gantt's Dig., sec. 3485.

But in the absence of a statutory provision, a court of equity could not take jurisdiction of the bond and render judgment on it. Hence the action of the circuit court of Boone county, in the above proceeding, was without jurisdiction and void. At law we would dismiss this appeal, and leave the parties to their appropriate remedy. *Baxter v. Brooks, ante,* p. 173.

In chancery causes the rule is different, because in such causes there is no other mode of invoking the superintending control of this court. It has been long settled in this court, that chancery causes shall be reviewed here on appeal, whether the court below had jurisdiction or not.

The appellees have pleaded in abatement of this appeal the existence of a stay bond which appellants had executed below, claiming that it had merged the judgment. This would be true under our code as to those of the defendants who signed the stay bond, if no more, and under the old ideas of common law unity prevalent before the code, would have merged the entire judgment as to all the original parties. But to have this effect, it was always necessary that there should be something to merge. This judgment being void, the execution was void and the stay bond a nullity. We do not have the stay bond before us, but presume ample relief can be secured against it by application to the circuit court of Boone county, which, in the exercise of that superintending control, which all courts ordinarily have over its juries and officers, will quash this stay bond, or any execution that might be issued upon it. We have before us the original judgment, and find no statutory provision authorizing a court of equity to render judgment against securities in an injunction bond, but that the remedy is adequate and complete at law. *Fowler v. Scott,* 11 Ark.,

675; *Scott v. Fowler*, 14 id., 427; *Hunt v. Burton*, 18 id., 188; *Lizer v. Anthony*, 22 id., 465; *Blakeney v. Ferguson*, 18 id., 347.

Let the judgment of the Boone circuit court in this cause be annulled, vacated, and set aside, and a decree be entered here to that effect, with cost, leaving the defendants in the Hart suit to take such steps as they may see proper as to assessment of their damages against the plaintiff and collecting the same by suit at law on the bond.

Hon. E. H. ENGLISH, C. J., and Hon. DAVID WALKER, J., disqualified in this case.