## CAROLAN v. CAROLAN.

1. CERTIORARI: *None for mere errors of J. P.*
   When a justice of the peace has jurisdiction of a cause and of the person of the defendant, his judgment cannot be assailed collaterally, nor quashed by *certiorari*, for any mere irregularity or error in his proceedings. The writ of *certiorari* cannot be used for the correction of errors as upon appeal.

2. SAME: *Judgment before J. P. without proof.*

The rendering of judgment by a justice of the peace without proof, or the striking out of his answer for want of verification, and refusing to let him defend for want of a verified answer, are but errors correctable by appeal, and do not subject his judgment to quashal by *certiorari*.

APPEAL from *Logan* Circuit Court.

Hon. G. S. CUNNINGHAM, Circuit Judge.

*T. C. Humphry* for Appellant.

Appellant was denied a defense or hearing, which in law was a revocation of the court's process. The answer was sufficient and in apt time. *Mansf. Dig., sec. 4050; 30 Ark., 560; 37 Ark., 580.* Appellee did not show himself entitled to judgment, *Mansf. Dig., secs. 4046, 4068,* and should have been non-suited. *Ib., sec. 4065.* The justice's record should show facts giving it jurisdiction or the law regards the whole as *coram non judice* and void. *Rose Dig., p. 470, sec. 2; Ark. Justice, secs. 8, 10; Drake Att., sec. 85, 5 ed;* see also *Freeman on Judg., sec. 118* and *93 U. S., 278.*

The justice having no jurisdiction the circuit court acquired none on appeal, and the remedy is by *certiorari*. *44 Ark., 100; 6 Id., 371; 39 Id., 347; 30 Id., 17; 29 Id., 173.*

*Clendenning & Read* for Appellee.

The appearance of appellee cured all defects in the summons, if any. The writ of *certiorari* cannot be used by the circuit courts for the conviction of errors of inferior courts, as upon appeal; but where the inferior judgment shows upon its face that the court had no jurisdiction of the subject matter, or the person of the defendant, it may be quashed upon *certiorari*. *Baskins v. Wylds, 39 Ark., 347; Haynes v. Semmes, 39 Ark., 399; Street v. Stuart, 38 Ark., 159; State v. Henkle, 37 Ark., 532.*

"On *certiorari* the record is conclusive as far as it goes." *Countz v. Markling, 30 Ark., 17.*

The recitals of the judgment in this case must be taken as conclusive.

The writ of *certiorari* should not be issued in any case when there is, or has been, a right of appeal, unless the opportunity of appealing has been lost without the fault of the petitioner. *Payne v. McCabe, 37 Ark., 318.*

COCKRILL, C. J. The appellee sued the appellant upon an open account, duly verified, before a justice of the peace. The appellant appeared on the return day of the summons and filed an answer, but the justice conceiving that the answer was of a nature that required verification, caused it to be stricken from the files upon motion of the plaintiff's attorney, and refused to hear evidence from the defendant to sustain the allegations of the answer that had been stricken out; and as the defendant did not offer to amend or answer further, judgment was rendered against him. After the time for appeal from this judgment had expired, the defendant petitioned the circuit court to quash the judgment upon *certiorari*. The transcript from the justice's docket, which accompanied the petition, set forth the facts as stated above. The petition offered no excuse for not prosecuting the appeal and it was dismissed upon demurrer. The petition seeks to reverse the judgment of dismissal.

The justice of the peace had jurisdiction of the cause of action and of the person of the defendant, and any irregular or erroneous act on his part is no more than erroneous exercise of jurisdiction, and does not make the judgment rendered liable to be successfully assailed collaterally or quashed upon *certiorari*. Nor can the writ of *certiorari* be used for the correction of errors as upon appeal. *Pearce, ex parte, 44 Ark., 509.*

1. CERTIORARI: None for mere errors of J. P.

32——47

The record does not show affirmatively that no proof was taken upon the rendition of judgment, and in the absence of such showing the presumption is that the justice performed his duty in that respect. *St. L., I. M. & S. Ry. v. Barnes, 35 Ark., 95.* Moreover, the statute authorizes the rendition of judgment upon a verified account without other proof of its correctness (*Hershy v. Yantes, 46 Ark., 498*); but if we should regard the indebtedness upon the account as denied and the burden of proof upon the plaintiff, it was nevertheless only error in procedure, according to the decision in *Railroad v. Barnes, supra,* for the justice to render judgment in such a case without proof, and does not subject the judgment to quashal upon *certiorari.*

But the writ of *certiorari* should not be issued in any case where there has been a right of appeal unless the opportunity of appealing has been lost without the fault of the party entitled to it. *Payne v. McCabe, 37 Ark., 318.*

2. SAME: Judgment before J. P., without proof.

It is argued, however, by the appellant, that he was deprived of his right to appear and be heard, and that the judgment is therefore a sentence without judicial determination of his rights, and entitled to no respect. But his conclusion is based upon a false assumption of fact, and the case of *Windsor v. McVeigh, 93 U. S., 274,* which is relied upon to sustain the position, is therefore inapplicable. In that case the trial court refused to permit the defendant to appear and defend upon any terms because he was engaged in rebellion against the United States government, and the supreme court held the judgment against him void in a collateral attack upon it. But in the case at bar the record does not bear out the appellant's contention that there was an absolute refusal to permit him to appear and defend. It is recited in the justice's judgment that "the court being of the opinion that the defendant could not tender an issue until his answer was verified, refused to hear evidence in support thereof; and being well and sufficiently advised in the premises," proceeded to render judgment.

The defendant made no effort to comply with the condition that the court placed upon his right to make defense—that is to verify his answer, but preferred to allow judgment to be rendered against him rather than comply with the ruling of the court. The justice was in error in striking out the defendant's answer and in refusing to hear his defense without a written or verified answer; but a justice of the peace has the right to determine every question that arises in a cause pending in his court that a superior court has under like circumstances, and when he errs in his conclusions upon the law, the judgments of his court are no more open to attack than those of the circuit court.

The appellant's only remedy to correct the errors complained of was by appeal to the circuit court, where the right of defense without a verified or written answer would have been accorded him.

Affirm.