## PETTY V. DUCKER.

WILLS: *Jurisdiction to take probate of, in common form.*

The clerk of a probate court received the probate of a will and admitted it to record. At the next term of the court the will, together with the depositions of the subscribing witnesses which were taken by the clerk, was presented to the court, which found from the evidence contained in the depositions that the will was "duly witnessed and regular in all things" and declared it to be the last will of the testator. The court also con-

firmed the action of the clerk. *Held:* That the probate court having jurisdiction to take the probate of wills in common form without summoning any of the parties in interest, its judgment, which goes beyond the mere confirmation of the clerk's act, and admits the will to record on proofs submitted, is not void, and if there is error in it, the same can be corrected only by appeal.

APPEAL from *Carroll* Circuit Court, Western District.

J. M. PITTMAN, Judge.

*Crump and Watkins,* for appellant.

When the inferior court was without jurisdiction, its judgment may be quashed by *certiorari.* 39 Ark., 347; Mansf. Dig., sec. 1368. If the clerk had no power to take the probate of a will in vacation, the court had no jurisdiction. Wells on Jur. of Courts, sec. 271; Ib., sec. 46; 4 Foster (N. H.,) 124.

The clerk, in taking the proof of the will, acted without authority of law and his act is void, and the court could not get jurisdiction by confirming his void acts. 30 Ark., 487.

The probate of a will is a judicial act, and cannot be performed by the clerk. 19 Penn. St., 485; 24 Id., 332; 5 Ark., 385; Freeman on Judg., secs. 608, 319.

The probate court is the only tribunal that can take the probate of a will. 2 Ark., 229. Review the legislation on the subject of probate of wills, citing sec. 16, ch. 180, Gould's Dig.; Civil Code, ch. 9; 46 Ark., 438; Acts of 1873, p. 121; Art. 7, sec. 1, Const. 1874; Wells Jur., sec. 43; 5 Ark., 385, and contend the Act of 1873 is repealed, and that only the probate court (not the clerk,) can take the probate of wills.

*U. M. & G. B. Rosè* and *J. D. Walker,* for appellants.

The probating of a will by the clerk is only provisional, and even if the clerk had no authority, the *court certainly*

*had.* After the confirmation *by the court*, it is too late to question its action by *certiorari*.

But it is held that the probate of wills is a ministerial act, like the grant of letters of administration, etc., which may be confided to a clerk.   2 Gilin, (Ill.,)  657;  38 Ind.,  78;  3 Wash. C. C., 481.

BATTLE, J.

Mary D. Foster died at Eureka Springs, in Carroll county in this State, leaving a last will and testament, which was presented to the clerk of the Carroll probate court, in vacation, for probate.   The clerk, thereupon, proceeded to take the depositions of the three subscribing witnesses to the will. Each of them testified that Mary D. Foster signed the will in the presence of the subscribing witnesses, and declared it to be her last will and testament, and that each of them, at her request, in her presence and in the presence of each other, signed the will at the end thereof, as witnesses, and that she was at the time of making the will, of sound mind and disposing memory; and the clerk admitted the same to record as duly probated.   At the next term of the probate court the will and depositions were presented to the court. The court found that it was ''duly witnessed and regular in all things,'' declared it to be the last will and testament of Mary D. Foster, deceased, and confirmed the action of the clerk.   To set aside the action of the clerk and the judgment of the probate court appellants petitioned to the Carroll circuit court for a writ of *certiorari*.   No excuse was offered for not prosecuting an appeal from the judgment of the probate court.   On final hearing the circuit court dismissed the petition; and plaintiffs appealed.

It is contended by appellants that the act of the clerk in

taking proof of the will and admitting it to record was void, because the probating of a will is a judicial act which can only be done by a court having competent authority; and that it being void the judgment of the probate court confirming it is void. The reason assigned does not support the contention. There is no question about the jurisdiction of the probate court to receive the probate of the will and admit it to record. It could do so in common form, without summoning any party, or cause all parties interested to be summoned on a certain day. (Mansf. Dig., secs. 6519, 6522.) It took the probate of the will in this case without causing the parties interested to be summoned. In doing so it did not stop with the confirmation of the action of the clerk, but found that it was "duly witnessed and regular in all things," and that it was the last will and testament of Mary D. Foster, deceased. In arriving at this conclusion it acted upon the depositions taken by the clerk. They were sufficient, if properly taken, to prove that the will was legally executed and attested and that the testator was of sound and disposing mind. So the only error committed, if any, and we do not undertake to say there was, was in the failure of the court to receive the testimony of the witnesses and cause it to be reduced to writing in open court. A writ of *certiorari* does not lie to correct such an error. The judgment is not void. If there was any error in it, it could have been corrected by an appeal. *Ludlow v. Flournoy*, 34 Ark., 451; *Baskin v. Wylds*, 39 Ark., 347; *Pettigrew v. Washington County*, 43 Ark., 33; *Moore v. Turner*, Ib., 243; *Haynes v. Semmes*, 39 Ark., 399; *Phelps v. Buck*, 40 Ark., 219; *Hickey v. Matthews*, 43 Ark., 341; *Pearce, ex parte*, 44 Ark., 509; *Carolan v. Carolan*, 47 Ark., 511.

Judgment affirmed.