BROWNING *v.* WALDRIP.

Opinion delivered July 6, 1925.

1. ANIMALS—JURISDICTION OF CONTEST OF STOCK LAW ELECTION.—Since the special act No. 579, of 1923, creating a stock district conferred no jurisdiction upon the county court to entertain a contest of the result of the election held under such statute, that court had no jurisdiction to vacate an order entered at a previous term declaring that the stock district had been formed as provided by the act.

2. ANIMALS—STOCK LAW EFFECTIVE ON VOTE OF LANDOWNERS.—The fact that the Special act No. 59, of 1923, creating a stock district, was not to be in full force and effect until the county board of election commissioners issued their proclamation, attested by the county judge and clerk, that a majority of the landowners in the district voted in favor of the act did not render the act invalid.

3. ANIMALS—STOCK LAW—VOTE OF LANDOWNERS.—A provision in a special act creating a stock district that it should take effect when a majority of the landowners in the district had voted in its favor was complied with when a majority of the landowners in the district voting at the election on the question favored putting the law into effect.

4. JUDGMENT—CONTROL OF COURT.—Courts of record lose control over their judgments after the lapse of the term, and, in the absence of a statute conferring such power, cannot at a subsequent term alter or vacate them.

5. CERTIORARI—VOID JUDGMENT.—Certiorari lies to quash a void judgment, even though the judgment might have been vacated and set aside on appeal.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*T. A. Gray,* for appellant.

*McCaleb & McCaleb* and *S. C. Knight,* for appellee.

WOOD, J. Special act No. 579 of the Acts of 1923 is an act entitled "An act to create a stock district within certain boundaries in Independence County." The act was not to become effective until it had been first approved by a majority of the landowners at an election to be held for the purpose of ascertaining their will. An election was held under the provisions of the act, and a majority of the persons owning land in the district voted in favor of the creation of the district as shown by the

proclamation of the county board of election commissioners attested by the county judge of Independence County and the county clerk as required by the act. At the October term of the Independence County Court, following the election in July, 1923, the county court entered an order finding that the stock district had been formed as provided by the act and designating the territory embraced therein as "Stock District No. 1 of Independence County," and declaring such district in existence and in operation from October 8, 1923, the date of the order. At the January term, 1924, of the county court, the matter of reconsidering the order creating Stock District No. 1 of Independence County was continued until the 13th day of March, 1924, and on that day the matter of the rehearing was continued until the 12th day of April, 1924. On the 12th of April, 1924, the second day of the April term, the court entered an order setting aside and vacating the order establishing the district entered at the October term 1923. An appeal was taken by the commissioners and certain landowners and taxpayers from this order of the county court. On the 21st day of April, 1924, a petition for a writ of certiorari was filed before the judge of the circuit court of Independence County in vacation, asking that the judgment of the county court of April 12, 1924, be set aside on the ground that the county court at its April term, 1924 was without jurisdiction to vacate a previous order of the county court rendered at its October term, 1923, establishing stock district No. 1 of Independence County.

· The respondents to the petition demurred on the ground that the petition did not state a cause of action, and further that the petitioners had a right to appeal from the judgment of the county court. The demurrer was overruled, the writ was issued, and the record of the county court in the matter of the creation of Stock District No. 1 of Independence County was brought before the circuit court. The judgment of the circuit court on the hearing of the certiorari recites as follows: "Now

on this 29th day of April, 1924, the same being an adjourned day of the regular April, 1924, term of this court, came and appeared the parties hereto by their respective attorneys, and, said cause coming on for hearing, the same is submitted to the court upon the transcript of the records, proceedings and orders of the county court of Independence County in this cause, duly verified and returned by the clerk of the Independence County Court pursuant to the writ of certiorari herein issued by this court, and the testimony of witnesses taken orally at the bar of this court, from which the court finds as follows: That the order of the county court of Independence County, Arkansas, made and entered of record in this cause on the 12th day of April, 1924, at its April 1924 term, attempting to vacate and set aside its former judgment made in this case establishing Stock District No. 1 of Independence County, Arkansas, on the 8th day of October, 1923, at its October, 1923, term is void and of no effect for the reason that at the time of the rendition of said judgment on April 12, 1924, said court had no jurisdiction to vacate and set aside said judgment of October 8, 1923.''

The court thereupon entered a judgment vacating the order of the county court of April 12, 1924, and declaring that the judgment of the court of October 8, 1923, establishing Stock District No. 1 of Independence County, be and remain the judgment in this cause, and directing that its judgment be certified to the county court to be entered as the judgment of that .court. The motion for a new trial was filed and overruled. A bill of exceptions was presented to the trial court which sets forth the testimony of one witness, H. W. Cox, and contains no statement to the effect that his was all of the testimony heard in the cause. From the judgment of the circuit court is this appeal.

1. ·(a) The original petition of appellants filed before the county court October 22, 1923, was but tantamount to a proceeding to contest the result of the elec-

tion which had been duly declared by proclamation of the election commissioners and attested by the county judge and the county clerk. The act does not provide for such a contest before the county court, and therefore it had no jurisdiction to entertain the petition, and its order of April 22, 1924, vacating the prior order of October 8, 1923, was absolutely void. *Patterson* v. *Adcock*, 157 Ark. 186.

The act was not rendered unconstitutional and void because of the fact that it was not to be in full force and effect until the county board of election commissioners issued their proclamation, attested by the county judge and county clerk, that a majority of said landowners in the district voted in favor of the act. See *Miller* v. *Witcher*, 160 Ark. 479. *Boyd* v. *Bryant*, 35 Ark. 69; *Nall* v. *Kelly*, 120 Ark. 277; *Fenolia* v. *Sebastian Bridge District*, 133 Ark. 380. A majority of the landowners in the district, who voted at the election to put in operation the law creating the district, voted in favor of the district. Under the provisions of the act it was to take effect when a majority of the landowners in the district had voted in favor of the law. This provision was complied with when a majority of the landowners in the district voting at the election on the question favored putting the law into effect. *Graves* v. *McConnell*, 162 Ark. 167; *Watts* v. *Bryan*, 153 Ark. 313.

(b) Furthermore, the judgment of the county court of April 12, 1924, was likewise void because the court had no jurisdiction at that term of the court to set aside the final order and judgment of the court rendered at its October term, 1923. "Courts of record lose control over their judgments after a lapse of the term and, in the absence of a statute conferring such power, cannot at a subsequent term alter or vacate the same." *Spivey* v. *Taylor*, 144 Ark. 301, and cases there cited.

2. The appellants contend that certiorari was not the remedy to review the order of April 12, 1924, because the appellees had appealed from that order, and the

remedy was therefore by appeal. The order of the county court of April 12, 1924, setting aside the former order and judgment of the county court rendered at its October term, 1923, was purely a judicial act, and, as the judgment of April 12, 1924, as we have seen was absolutely void and not merely irregular, certiorari was a proper remedy, even though such void judgment might also have been vacated and set aside on appeal therefrom. This is not a case where the county court had jurisdiction, and where its judgment was simply irregular and voidable, but not absolutely void, as in the cases upon which appellants rely, to wit: *Ex parte Goldsmith,* 87 Ark. 519; *Carolan* v. *Carolan,* 47 Ark. 511; *Petty* v. *Ducker,* 51 Ark. 281; *Aven* v. *Wilson,* 61 Ark. 287. Here the judgment of April 12, 1924, was void because the court had no jurisdiction, and the above cases have no application to the facts of this record.

It follows that the judgment of the circuit court is in all things correct, and it is therefore affirmed.