TAYLOR *v.* BAY ST. FRANCIS DRAINAGE DISTRICT.

Opinion delivered May 31, 1926.

1. APPEAL AND ERROR—VOID JUDGMENT.—An appeal from a void judgment will not be dismissed, but the judgment will be reversed, as otherwise it might seriously embarrass the person against whom it is rendered, though it can be of no benefit to the person who has secured it.

2. JUDGMENT—EFFECT OF VOID JUDGMENT.—In theory of law, a void judgment is no judgment, and can therefore have no effect.

3. DRAINS—PENDENCY OF APPEAL.—The county court has no authority to make a second order establishing a drainage district while an appeal from the void original order was pending in the Supreme Court, though the proceeding was *in rem,* since the appeal was a continuation of the action, and not a new action.

4. APPEAL AND ERROR—EFFECT OF PENDENCY OF APPEAL.—After a cause has been removed from the county court to the circuit court by appeal, the circuit court has no jurisdiction to make an order in the proceeding until the cause is again sent down.

5. DRAINS—VOID ORDER—CERTIORARI.—Certiorari lies to quash a second order of the county court establishing a drainage district, made while an appeal from a void original order attempting to establish the same district was pending, since the county court had no jurisdiction to make such order.

6. CERTIORARI—PRACTICE ON REVIEW.—On certiorari to review an order of the county court establishing a drainage district, made while an appeal from an earlier order was pending, the circuit court could do nothing but quash the judgment, and hence, on reversal of its order dismissing the petition, a remand is unnecessary.

Appeal from Craighead Circuit Court, Jonesboro District; *W. W. Bandy*, Judge; reversed.

STATEMENT BY THE COURT.

A. F. Taylor and other landowners have prosecuted an appeal from a judgment of the circuit court dismissing their complaint for a writ of certiorari to quash a judgment of the county court establishing Bay St. Francis Drainage District.

On the 8th day of July, 1924, certain landowners in Craighead County filed a petition in the county court under the statute for the establishment of a drainage district embracing certain territory therein described. An engineer was appointed, as required by statute, to make a preliminary survey of the district, and he filed his report on July 16, 1924.

On the 30th day of August, 1924, the report of the engineer was approved by the county court, and September 17, 1924, was fixed for the time of hearing the petition for the establishment of the drainage district. The county clerk was directed to give notice fixing said day for the hearing and calling upon all landowners in the proposed district to show cause why said district should not be established. Notice was duly published by the clerk, and on September 17, 1924, the court continued the proceedings until the 11th day of October, 1924.

A. F. Taylor and other landowners in the proposed district appeared in the county court and filed objections to the establishment of the district. After hearing

the evidence introduced, the county court made an order establishing the district. A. F. Taylor and others, who had become remonstrants to the petition, duly prayed an appeal to the circuit court, which was granted. The cause came on for hearing in the circuit court on March 25, 1925, which was an adjourned day of the circuit court.

Upon a hearing anew in the circuit court, the action of the county court establishing the district was affirmed. A. F. Taylor and others filed a motion for a new trial, which was overruled by the circuit court. They then prayed and perfected an appeal to the Supreme Court. Bay St. Francis Drainage District and the commissioners thereof filed a motion in the Supreme Court to dismiss the appeal of A. F. Taylor and other landowners, and they filed a response to the motion to dismiss.

On the 19th day of October, 1925, the Supreme Court took under consideration the motion of the Bay St. Francis Drainage District to dismiss the appeal and the confession of error on the part of the drainage district which had been subsequently filed.

The motion to dismiss the appeal was overruled, and the record of the Supreme Court in the proceedings is as follows:

"And this cause coming on now to be heard upon the transcript of the record of the circuit court of Craighead County, Jonesboro District, and on the confession of error aforesaid, viz.: That the circuit court erred in not declaring the order creating the district void, on the ground that certain tracts of land described in the petition and engineers' plans were omitted from the published notice.

"It is therefore considered by the court that the judgment of said circuit court in this cause rendered be, and the same is hereby, for the error aforesaid, reversed, annulled and set aside, with costs, and that this cause be remanded to said circuit court with directions to set aside the order aforesaid, and to certify its judgment down to the county court.

"It is further considered· that said appellants recover of said appellee all their costs in this court in this cause expended, and have execution thereof.

"Ordered further that the clerk issue a mandate to the lower court in this cause forthwith."

On May 4, 1925, the engineer filed his report as prescribed in the statute relating to the creation of drainage districts, and on May 29, 1925, the drainage district was duly ordered established by the county court and commissioners were appointed to construct the proposed drainage ditch.

On the 28th day of August, 1925, the commissioners filed an assessment of benefits of the real property within the boundaries of the district, and the county court made an order fixing October 22, 1925, as the day for hearing said assessment of benefits, and calling upon the landowners to show cause why said assessment of benefits should not be confirmed.

On October 21, 1925, A. F. Taylor and other landowners in the district filed a complaint in the circuit court against the Bay St. Francis Drainage District and the commissioners thereof for a writ of certiorari to quash the judgment of the county court of May 29, 1925.

On the 5th day of February, 1926, there was a judgment of the circuit court dismissing the petition of A. F. Taylor and other property owners for a writ of certiorari to quash the judgment of the county court establishing Bay St. Francis Drainage District.

The case is here on appeal.

*Eugene Sloan* and *Gautney & Dudley*, for appellant.

*Basil Baker* and *Chas. D. Frierson*, for appellee.

HART, J., (after stating the facts). The original order of the county court establishing the drainage district was made on the 11th day of October, 1924. A. F. Taylor and other landowners prosecuted an appeal from this order to the circuit court. The cause or proceeding was heard in the circuit court on the 25th day of March, 1925, and the judgment of the county court establishing the district was affirmed. The landowners then prosecuted

an appeal to the Supreme Court, and the commissioners of the drainage district made a motion to dismiss the appeal. It was then discovered that the original order of the county court establishing the district was void because of the misdescription of an 80-acre tract of land, which was wholly at variance with the description of the same tract in the notice required under the statute as a prerequisite to the establishment of the district. It was conceded that this rendered the order establishing the district void, and the Supreme Court reversed the judgment expressly on the ground that this tract of land was misdescribed in the notice, and it was therefore ordered that the judgment of the circuit court should be reversed and the cause remanded to the circuit court with directions to set aside its order and to certify its judgment down to the county court.

During the pendency of the appeal in the Supreme Court, counsel for the drainage district treated the original order establishing the district as void, and obtained another order of the county court on May 29, 1925, establishing the district. The provisions of the statute were in all respects complied with in obtaining this order, and the order is valid on its face, unless it can be said that it is void because rendered during the pendency of a former appeal in this court.

In *Bailey* v. *Gibson,* 29 Ark. 472, the court said that it is well settled that chancery causes will be reviewed on appeal, whether the court below had jurisdiction or not. In that case, and in *Brumley* v. *State,* 20 Ark. 77, it was said that no appeal will lie from a void judgment at law, and the proper remedy would be to dismiss the appeal. It will be observed, however, that on the first appeal in this case the court refused to dismiss the appeal, but reversed the judgment. It is now well settled that a void judgment or order is appealable. In *Alexander* v. *Crollott,* 199 U. S. 580, it was said that the fact that the judgment may have been void will not prevent its reversal upon appeal. In a case-note to 33 L. R. A. (N. S.) 733, it is said that the prevailing

opinion, as attested by the collated cases, is clearly to the effect that the appellate court will so far take cognizance of the void entry as to reverse it and restore the parties to the position they originally occupied.

To the same effect see note to 20 Ann. Cas., p. 277, Hayne on New Trial and Appeal, vol. 2, pp. 950, 979, and 1069, and Elliott on Appellate Procedure, § 110. On this question Elliott says:

"There is solid reason for this rule, inasmuch as it enables a party injured by such a judgment to remove it from the record without injury to the rights of adverse parties, for they can have no rights under a judgment which has no force. It is a sacrifice of substance to a barren technicality to hold, as some of the courts do, that no relief can be had against a void judgment."

It is true that, in the theory of law, a void judgment is no judgment at all and can therefore have no effect. In this view of the matter the landowners would have had a right to treat the original order of establishing the drainage ditch as a nullity; but if they did so it would have been at their peril. The better practice and a juster rule seems to be that the parties affected should have the right to have the matter judicially determined on appeal. Of course, in theory of law, a void judgment is harmless because it is a nullity; but as a practical fact a void judgment, especially where it creates a lien on land, or is used as a basis for the creation of a lien on land, is not harmless. To illustrate: in a proceeding like this, the commissioners of the district, representing a majority of the landowners, were contending that the judgment was valid. As a practical matter, this fact and the fact that the judgment had been entered of record would serve to create a cloud on the title of the landowners. The judgment would have a tendency to affect a sale of the property, and, even if the landowners had assured prospective purchasers that the judgment was void, they might be reluctant to purchase the land at its full value. The fact that the commissioners were proceeding under the judgment as if it were valid would tend to create a cloud

on the title of the lands. It has been well said that a judgment unreversed, though void upon its face, may seriously embarrass the person against whom it is in form rendered, though it can of course be of no benefit to the person who has secured it. *Stewart* v. *Lohr,* 1 Wash. 341, 25 Pac. 457, 22 Am. St. Rep. 150.

It is said that, as appellate courts have the power to clear their own records of objectionable entries, even though as standing thereon they are absolutely void, they have like power to set aside void entries in the inferior courts when the forms of reviewing such void entries to such appellate courts have been complied with.

This court has held that, where an appeal is granted and an authenticated copy of the record is filed in the appellate court, the court or action is thereby removed to the appellate court. *Robinson* v. *Arkansas Loan & Trust Co.,* 72 Ark. 475, 81 S. W. 609.

In *McKenzie* v. *Engelhard Co.,* 266 U. S. 131, it is said that an appeal is a proceeding in the original cause, and that the suit is pending until the appeal is disposed of.

In this view of the matter, the county court would have no right to make another order establishing the drainage district while the appeal from the original order creating the district was still pending on appeal. If the appeal is a proceeding in the original cause, until the appeal is disposed of the county court would have no jurisdiction to make an order after the cause had been removed to another court by appeal. The better procedure, and the ordinary procedure in such cases, is that the suit should be treated as pending in the appellate court until, by appropriate orders, it is again sent down to the county court.

But it is insisted that a statutory proceeding for the establishment of a drainage district is a proceeding *in rem,* and that the ordinary rules of practice relative to adversary causes should not be applied.

A majority of the court fails to see any distinction in the matter. Our statute expressly provides that the

landowners in a proposed drainage district may become parties to the proceeding and file a remonstrance to the petition asking for the establishment of the district. The statute also provides that the landowners may appeal, if their remonstrance is overruled and the drainage district is established. The statute also expressly provides that, where an appeal is taken to the circuit court, the original papers in the case shall be deposited there, together with a transcript of the record in the county court. Presumably these original papers would remain in the circuit court until the case was finally disposed of. The record in this case shows that the order attacked was made by the county court while the case was pending on appeal. If, under the express provisions of the statute, the proceeding may become an adversary one by the landowners filing a remonstrance to the petition seeking the establishment of the drainage district, and if they are allowed to appeal from an adverse judgment, it would seem that the better practice would be that the incidents and methods of procedure usual in cases where there are adversary parties should obtain. This course would prevent confusion and might prevent fraud. To illustrate: Take a case like the present one, where the judgment is void. As we have already seen, it is now settled that an appeal from a void judgment will not be dismissed, but the judgment will be reversed. The landowners feeling aggrieved and appealing from an order of the court establishing a drainage district are required to follow the case through the appellate court and take notice of the proceedings there. They should not be required, however, to watch the proceedings in the county court, to see if that court was taking jurisdiction of the case while it was pending on appeal to this court, or in the circuit court. Suppose the circuit court should be trying the appeal and using the original papers in some stage of the trial; or suppose, for good reasons, upon appeal to this court we should permit one of the original papers to be sent here for our inspection, then suppose, while the papers were here or in the circuit court, the county court

should undertake to exercise jurisdiction in the premises, this would bring about a conflict of jurisdiction as to which court would be entitled to the original papers. It is no answer to say that the presumption is that the county court would not undertake to act unless it could in some way get the original papers. The test of jurisdiction would not be what it would do, but what it could do. .

If, as we have already seen, the appeal is a continuation of the action and not a new action, it seems to a majority of us that the better practice is to hold that the county court had no jurisdiction to establish the drainage district during the pendency of an appeal from its original order establishing the district, even though the original judgment was void.

Moreover, it is claimed that the landowners should have appealed from the judgment of the county court of May 29, 1925, instead of applying for a writ of certiorari to quash it.

In *Browning* v. *Waldrip,* 169 Ark. 261, it was held that certiorari lies to quash a judgment of the county court which was void because that court had no jurisdiction, even though such void judgment might have been vacated and set aside on appeal.

But it is insisted that the judgment of the county court of May 29, 1925, establishing the district, is valid on its face. The records of the county court show that an appeal had been granted from the original judgment of the county court establishing the district, and that the original cause was pending on appeal. When an appeal is taken from an order of the county court establishing or refusing to establish a drainage district, the statute requires the original papers to be sent to the circuit court. If the appeal is a continuation of the original cause or proceeding, the case would remain in the appellate court until it had been sent back to the county court by some appropriate order in the regular course of procedure. To illustrate, when the judgment in the cause was reversed in this court, it was ordered that the cause

be remanded to the circuit court with directions to set aside its order and certify its judgment down to the county court.    When this was done, the county court would again acquire jurisdiction of the cause, and the certification of the circuit court would be notice to the county court, as well as all interested parties, that the cause had been sent back to the county court for further proceedings in accordance with the statute. Until this certification was made, the records of the county court would show that the cause was pending on appeal, and consequently the county court has no jurisdiction to make any order whatever while the cause or proceeding is pending on appeal.

The result of our views is that the judgment of the county court was void; and the landowner might have ignored it or he might have gotten rid of it by appeal. The reason is that it was in form a judgment entered upon the records of the county court, which, although void, might through judicial process cast a cloud upon the title of the landowners in the district.    All the circuit court could have done on certiorari was to have quashed the judgment of the county court and thereby have eliminated it from the record.    Because the circuit court erred in not following this course, its judgment is reversed, and, inasmuch as no further proceedings in the matter can be taken in the circuit court, it is not necessary to remand the case.

The reversal of the judgment of the circuit court in effect declares the judgment of the county court to be void.    This leaves the proceedings in the county court, and it may take such further steps as it deems to be advisable in the establishment of the drainage district which are according to law.

McCULLOCH, C. J., (dissenting).  I would not ignore the settled rule that an appeal from a judgment, whether it be a valid or void judgment, removes the cause to the appellate court, but that removal is only for the purpose of a review; and the rule should be considered in harmony with another well-settled one that a

judgment void on its face is a complete nullity, neither binds nor bars any one, may be altogether disregarded, and no rights can be built up under it. *Townsly-Myrick Dry Goods Co.* v. *Fuller,* 58 Ark. 181. It is conceded that the judgment originally appealed from was void— both the judgment of the county court and that of the circuit court. A learned text-writer, speaking of such a judgment, says: "It does not terminate or discontinue the action in which it is entered, nor merge the cause of action, and it therefore cannot prevent the plaintiff from proceeding to obtain a valid judgment upon the same cause, either in the action in which void judgment was entered or in some other action. * * * Such a judgment has been characterized as a dead limb upon the judicial tree, which may be chopped off at any time, capable of bearing no fruit to plaintiff but constituting a constant menace to defendant." 1 Freeman on Judgments, p. 644. In another text-book on the same subject it is said: "Now, a 'void' judgment is in reality no judgment at all. It is a mere nullity. It is attended by none of the consequences of a valid adjudication, nor is it entitled to the respect accorded to one. It can neither affect, impair, nor create rights. As to the person against whom it professes to be rendered, it binds him in no degree whatever, it has no effect as a lien upon his property, it does not raise an estoppel against him. As to the person in whose favor it professes to be, it places him in no better position than he occupied before; it gives him no new right, but an attempt to enforce it will place him in peril. As to third persons, it can neither be a source of title nor an impediment in the way of enforcing their claims. It is not necessary to take any steps to have it reversed, vacated, or set aside. But whenever it is brought up against the party, he may assail its pretensions and show its worthlessness. It is supported by no presumptions, and may be impeached in any action, direct or collateral." 1 Black on Judgments, § 170. The appeal by the defendant in a void judgment being merely to get rid of it as a menace to his rights, it does not

hinder or postpone the right of the plaintiff to secure a valid judgment. Such is the effect of the authorities cited above.

There was no error in the initial proceeding in the county court, but the error crept into the publication of the notice, and that rendered the judgment void. All proceedings thereafter, in either the county court or circuit court, were void, and the original petitioners had the right at any time to disregard the void proceedings and proceed from the point where the proceedings were regular. Now, the fact that the original petition had been carried to the circuit court on appeal and was lodged in the office of the clerk of that court constituted no obstacle in the way of the county court exercising its jurisdiction. The record of the county court on the last proceeding was regular and valid on its face, showing that the county court was in possession of all of the original papers when it rendered its last order creating the district. The proceedings in the county court were brought up to the circuit court on certiorari and not by appeal. We must assume, on this attack, that the county court acquired possession of the original papers so as to confer jurisdiction on it to proceed. I am therefore unable to discover any reason why the judgment of the county court is open to such attack, and my conclusion is that the circuit court was correct in refusing to entertain the petition for certiorari or to quash the judgment of the county court.

Mr. Justice SMITH entertains the same views as herein expressed.