PHILIP A. FOLEY *vs.* GEORGE A. DOUGLAS & BRO., INC., ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued April 9th—decided May 14th, 1936.

*Ellsworth B. Foote,* with whom was *John Clark Fitz-Gerald,* and, on the brief, *David E. FitzGerald,* for the appellant (plaintiff).

*Harry B. Dinerstein,* with whom, on the brief, were *Joseph G. Shapiro* and *Harry Allison Goldstein,* for the appellee (defendant).

MALTBIE, C. J. This action was returned to court on the first Tuesday of June, 1926. The defendants filed answers, the last on January 3d, 1927. The record shows no further action in the case until the annual call of the docket in 1931 when it was discontinued. On May 14th, 1934, a motion to restore the case was filed. In it certain reasons for failure to prosecute the action were given and it was stated that, previous to the call of the docket in 1931 counsel for the plaintiff mailed a letter to the clerk of the court requesting that the case be retained on the docket, but the clerk had no record of its receipt; that counsel had no record of the receipt of any notice that the case was discontinued at the annual call; that previous to the annual call in 1932 counsel again wrote the clerk asking to have the case continued on the docket; and that only when arrangements were being made for the trial of the case in the spring of 1934 was the fact that it had been discontinued discovered by them. On the same day as the motion to restore the case to the docket, a further motion to set aside the order of discontinuance and for a new trial under the provisions of § 5701 of the General Statutes was filed, stating substantially the same facts as in the motion to restore. Both motions were denied by the trial court in May, 1934. But a docket entry appears under date of June 22d, 1934: "Judgment opened, vacated and set aside and case restored to the docket," and on the same day judgment was formally rendered reciting that the parties had appeared and been heard on the motion to restore the case to the docket and that the motion was granted. On June 7th, 1935, one of the defendants moved to

erase the case from the docket on the ground that in granting the motion to restore, the trial court acted beyond its jurisdiction. The trial court thereupon rendered judgment that the order of June 22d, 1934, restoring the case to the docket be set aside and the case erased and from that judgment the plaintiff has appealed.

We are not here concerned with the motion for relief under § 5701 of the General Statutes, because the denial of that motion stands unquestioned upon the record and the trial court acted affirmatively only upon the motion to restore the case to the docket. The order of the trial court in 1931 discontinuing the case was a final judgment. *Jarvis* v. *Martin,* 77 Conn. 19, 21, 58 Atl. 15; *Glazer* v. *Rosoff,* 120 Conn. 120, 122, 179 Atl. 407. With certain exceptions not now material a court is without power to vacate a judgment or modify its terms in other than clerical matters after the expiration of the term in which it was rendered. *Jarvis* v. *Martin,* supra; *Ferguson* v. *Sabo,* 115 Conn. 619, 621, 162 Atl. 844; *Kalinick* v. *Collins Co.,* 116 Conn. 1, 7, 163 Atl. 460. This is because of the fact that after the expiration of the term the court ordinarily lacks jurisdiction to proceed further with the case and any judgment it renders is void. *Bronson* v. *Schulten,* 104 U. S. 410; *Phillips* v. *Negley,* 117 U. S. 665, 672, 6 Sup. Ct. 901; *In re Metropolitan Trust Co.,* 218 U. S. 312, 320, 31 Sup. Ct. 18; *Woods Brothers Construction Co.* v. *Yankton County,* 54 Fed. (2d) 304; *Browning* v. *Waldrip,* 169 Ark. 261, 273 S. W. 1032; *People* v. *Davis,* 143 Cal. 673, 77 Pac. 651. That result does not follow, however, from the mere fact that a final judgment has been entered, else the court would have exhausted its power as soon as the judgment was rendered even during the term; nor can it be because of a lack of jurisdiction of the subject-matter or the issues

involved, else the court would not have had jurisdiction to render the judgment. The lack of jurisdiction rests upon the fact that the parties are no longer amenable to judicial process in the action and the basis of the rule essentially is that in the interest of the public as well as that of the parties there must be fixed a time after the expiration of which the controversy is to be regarded as settled and the parties freed of obligation to act further in the matter by virtue of having been summoned into or having appeared in the case. The lack of jurisdiction is one over the parties. Where a party fails to appear in court in response to proceedings brought after the expiration of the term, the cases cited indicate that he can attack the action of the court even in collateral proceedings. If he appears generally, he can take advantage of the defect by appeal or writ of error; *Hall* v. *Paine,* 47 Conn. 429; *In re Application of Shelton Street Ry Co.,* 70 Conn. 329, 330, 39 Atl. 446; *Browning* v. *Waldrip,* supra; *Woods Brothers Construction Co.* v. *Yankton County,* supra; or he can appear to answer to the proceedings solely for the purpose of opposing them, without waiving his rights. See *In re Metropolitan Trust Co.,* supra. But a lack of jurisdiction over the person may be waived and is waived by a general appearance in the action. *Fine* v. *Wencke,* 117 Conn. 683, 684, 169 Atl. 58. Where a trial court has vacated a judgment after the expiration of the term in which it is rendered and a party generally appears in the case and actively prosecutes the action or contests the issues he waives the lack of jurisdiction of the court over further proceedings in the case and cannot thereafter successfully claim that the judgment of the trial court was void. *Simpson* v. *Y. M. C. A. of Bridgeport,* 118 Conn. 414, 417, 172 Atl. 855.

In the instant case the defendant's counsel filed the

motion to erase the case from the docket as "its attorneys for this motion," thus making what was in effect a special appearance to prosecute that motion, with its attack upon the jurisdiction of the court. This was not such an appearance as would waive the lack of jurisdiction of the court over its person; and neither the printed record nor the file discloses any action on the defendant's part after the rendition of the original judgment which would constitute such an appearance as would waive that lack. As the matters relied on to show the lack of jurisdiction were all of record and it does not appear that the plaintiff claimed to the trial court that there were any relevant facts outside the record which it should consider, the court was not in error in determining the issues upon the motion. *Michelin* v. *MacDonald,* 114 Conn. 582, 583, 159 Atl. 636; *Berigow* v. *Davis,* 116 Conn. 553, 556, 165 Atl. 790. It properly held that the judgment in restoring the case to the docket should be set aside and the case erased.

There is no error.

In this opinion the other judges concurred.