FARRIS *v.* ROGERS.

4-5963                                                        140 S. W. 2d 119

Opinion delivered May 13, 1940.

*Paul McKennon, Chas. A. Maze* and *Patterson & Patterson,* for appellant.

*Arnett & Shaw,* for appellee.

McHANEY, J. Petitioner here was plaintiff in the Johnson circuit court in a suit in ejectment against the respondent here, defendant below. The complaint alleged that he was the owner of certain lands therein described in Johnson county and was entitled to the possession thereof. He deraigned his title and prayed possession. The answer denied all the material allegations of the complaint and alleged that the land described in the complaint was washed away by the action of the Arkansas river in 1927, or prior thereto, and had accreted to land owned by defendant on the south or Logan county bank of the Arkansas river, and that such accretions belonged to him. The land being in Logan county, as alleged, the Johnson circuit court was without jurisdiction in the premises. Trial before the court without a jury was had and resulted in a finding against appellant that the land in controversy ''does not constitute an island, but that the same . . . is an accretion to the Logan county bank of the Arkansas river and to the lands of defendant; . . .'' The court further found that defendant is the owner of the land and that ''his title to and possession of said property should be quieted and confirmed as against the claim of plaintiff, or any one claiming by, through or under plaintiff.'' Judgment was entered accordingly. The case was tried on the pleadings and the evidence, taken under advisement, and judgment rendered on October 18, 1939. No appeal was taken from said judgment.

It is argued that the judgment is void on its face and should be quashed on certiorari. The portion attacked as void is the part of the judgment last quoted above, in which the title was quieted in defendant as against plaintiff and those claiming under him, the contention being that defendant did not ask or pray for any such relief. The judgment is not void on its face, so certiorari is not the proper remedy. An appeal will lie from a void judgment. *Taylor* v. *Bay St. Francis Drg. Dist.*, 171 Ark. 285, 284 S. W. 770, and error apparent on the face of the record may be reviewed on appeal without a bill of exceptions or motion for a new trial. *Miller* v. *Tatum,* 170 Ark. 152, 279 S. W. 1002. It has many times

been held that the writ of certiorari cannot be used as substitute for appeal. It is not one of right. Title to the land was not quieted as against any one but petitioner and his grantees. Title to the land was in issue. If petitioner was aggrieved he had his remedy by appeal.

If we treat this as an appeal, it must be affirmed as the judgment is not void on its face, and there is no bill of exceptions, nor motion for a new trial. It might also be affirmed for non-compliance with Rule 9, as neither the petition for the writ nor the pleadings in the lower court are abstracted.

Affirmed.