MARI R. MARTINO *v.* DONALD J. MARTINO

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 113560
AT NEW HAVEN

Memorandum filed January 5, 1970

Robert A. Fuller, of New Haven, for the plaintiff.

Robert B. Snow, Jr., of New Haven, for the defendant.

WRIGHT, J. The instant suit for divorce was instituted in Connecticut in April, 1967. A decree of divorce was granted on July 18, 1968. After the Connecticut action was brought, the defendant went to Nevada, where he obtained a divorce on June 4, 1968.

In the Connecticut action, the defendant appeared by counsel—who had filed a general appearance—at the time when the Connecticut decree was entered on July 18, 1968. The defendant made no claim concerning the Nevada decree and submitted to an adjudication by the Connecticut court. Many months later, when the plaintiff has obtained an order to show cause for a modification of the Connecticut decree, the defendant for the first time attacks the jurisdiction of the Connecticut court by filing a plea in abatement. The substance of the present memorandum involves the question whether the Connecticut court has jurisdiction to entertain the motion for modification of its decree of July 18, 1968.

The court will ignore the technical claim that the plea in abatement was tardily filed, in violation of § 76 of the Practice Book. There are, however, two material factors that cannot be ignored.

(1)   General Appearance

By entering a general appearance in the Connecticut case on June 7, 1967, the defendant has waived any jurisdictional defects. *Foley* v. *George A. Douglas & Bro., Inc.,* 121 Conn. 377, 380.

### (2) Laches and Estoppel

Although the defendant obviously had full knowledge of the Nevada proceedings back in 1968, he failed to contest the jurisdiction of the Connecticut court at that time, failed to offer the alleged prior divorce as a defense to the Connecticut action, and failed to take an appeal from the Connecticut judgment of July 18, 1968. A party may be precluded by laches or estoppel from making a collateral attack upon a divorce judgment rendered with his consent. 24 Am. Jur. 2d, Divorce and Separation, § 477.

Accordingly, the demurrer to the plea in abatement must be sustained.