## Bach vs. Cook.

Where an instruction is given, which purports to be predicated upon the evidence, and upon the hypothesis that certain facts shall have been proven to the satisfaction of the jury, the appellate court will presume, in favor of the court below, that such evidence, though it do not appear of record, had been adduced. (*Duggins vs. Watson,* 15 *Ark.* 118.)

A writ of attachment against a party as *executor de son tort,* issued by a justice of the peace, having jurisdiction of the subject matter in controversy, is erroneous and voidable, and not void; and for an injury done to the defendant under such a proceeding, an action on the case is the proper and the only remedy.

*Appeal from Randolph Circuit Court.*

Hon. William C. Bevens, Circuit Judge.

Cain, for the appellant.

Byers, for the appellee.

Mr. Justice Compton delivered the opinion of the court.

Bach, the plaintiff in the court below, and appellant here, sued Cook in an action on the case for malicious prosecution.

The declaration is in the usual form, and alleges that the defendant falsely, maliciously, and without probable cause of action, caused to be issued, by a justice of the peace, a writ of attachment against the plaintiff as executor *de son tort* of John Bach, deceased, by which certain goods and chattels of the plaintiff were attached and taken out of his possession to secure a debt of seventy dollars, whereby the plaintiff was damaged, etc.

The case being tried before a jury on the plea of not guilty,

the verdict and judgment were for the defendant; and the plaintiff, without moving for a new trial, appealed.

At the trial, the appellant excepted to several instructions given by the court, at the request of the appellee, one of which only is assailed in argument as being erroneous, and is in substance as follows: That if the jury find from the evidence that the suit referred to in the declaration, was brought against the plaintiff as executor *de son tort*, and that the process by which his goods and chattels were attached, issued against him in that character—that then, the process was void in law, and for any injury done under it, the plaintiff's remedy was an action of *trespass*, and not *case*. This instruction, it is insisted for the appellee, presents no question for the consideration of this court, for the reason that none of the evidence adduced on the trial, was set out in the bill of exceptions, or otherwise made of record, so as to show that the instruction was not abstract.

Where an instruction is given, which purports to be predicated upon the evidence, and upon the hypothesis that certain facts shall have been proven to the satisfaction of the jury—as the instruction in this case does—the appellate court will presume in favor of the court below, that such evidence, though it do not appear of record, had been adduced; *Duggins vs. Watson et al.* 15 *Ark.* 118.

Presuming then, that there was competent evidence upon which to base the instruction, and that it was not abstract, it only remains to determine its correctness in point of law.

Although it is held in *Barasien vs. Odum*, 17 *Ark.* 122, that under our peculiar system of administration laws, no one can make himself, of his own wrong, the executor of another, and that a suit against a party in that character, instituted by a creditor of the deceased, cannot be maintained, and although the proceedings had against the appellant fall within the rule laid down in that case; still, the justice of the peace having jurisdiction, as he did, of the subject matter in controversy, the proceedings were not void, but were erroneous and voidable merely.

Hence an action on the case was the proper, and indeed, the only remedy for the injury done the appellant. *Shaver vs. White & Dougherty*, 6 *Munford*, 110; *Dixon vs. Watkins, et al.* 4 *Eng*. 139.

There are cases in which it has been held that an action on the case for a malicious prosecution before a court not having jurisdiction, may be maintained, if, as is said in *Morris vs. Scott,* 21 *Wend*. 282, " The *malice* and *falsehood* be put forward as the *gravamen*, and the arrest or other act of trespass be claimed as the consequence." *Stone vs. Stevens*, 12 *Conn*. 218; *Humphrey vs. Case*, 8 *Conn*. 104. Any expression of opinion, however, as to the principle asserted in these cases, would be unnecessary, as we have seen there was no want of jurisdiction in the case.

The judgment must be reversed, and the cause remanded for further proceedings.