W. D. P. FARTHING, Appellant, v. GEORGE SAMS.

Division Two, December 22, 1922.

1. **LIMITATIONS:** Action Accruing in Another State: Section 1324: Fully Barred. Notwithstanding plaintiff's common-law action for personal injuries is not barred by the statute of the state in which it accrued (the minority of plaintiff and the non-residence of the defendant preventing the operation of said statute), it is barred by statutes of this State (Secs. 1317, 1324, R. S. 1919) unless brought within five years after it accrued. Section 1317 limits the right to bring an action to recover damages for personal injuries to five years from the time the cauue of action accrues, and Section 1324 declares that when "a cause of action has been fully barred by the laws of the state in which it originated, such bar shall be a complete defense to any action brought in any of the courts of this State," and said Section 1324 cannot be construed to enlarge the right to bring action after it is barred by Section 1317; it cannot be construed to mean that Section 1317 does not begin to run until the action is "fully barred" by the laws of the state where it accrued.

2. ———: ———: Right and Remedy. The law of the forum applies to affect the remedy; the law of the place where the cause of action originates applies to effect the right, which is governed by the common law or local statute. Statutes of limitations, which by their terms affect the remedy and do not extinguish the right, constitute a part of the *lex fori* of every civilized country. An action for damages for personal injuries is a common-law action, and the law of the forum, or of the state in which it is brought, necessarily applies to affect the remedy, or the time within which it must be brought, unless such time is modified by Section 1324,

Revised Statutes 1919, declaring that "whenever a cause of action has been fully barred by the laws of the state in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts of this State;" and that section does not lessen the time. It is purely negative in its language, it confers no affirmative right, it does not purport to relieve a suitor from the operation of Section 1317, which limits the time in which such an action can be brought to five years, but on the contrary it imposes an additional limitation.

3. ——: ——: **The General Rule.** The general rule is that where plaintiff's action is barred by the statute of the state where his cause of action arose, it is barred in Missouri; if it is not barred by the statute of the state where it arose, it may be barred by the statute of Missouri. If not barred by the statute of the state in which the cause of action originated, it is barred by the statute of Missouri by which other causes of action of its kind originating in Missouri are barred.

Appeal from St. Louis City Circuit Court.—*Hon. Benjamin J. Klene,* Judge.

AFFIRMED.

*John A. Nolan* for appellant.

A cause of action arising in another state, territory or country, is enforceable in this State, unless such cause of action has been fully barred by the laws of the state, territory or country in which it arose. Sec. 1324, R. S. 1919; Handlin v. Burchett, 270 Mo. 114; Yost v. Railway, 245 Mo. 235; Wojtylak v. Coal Co., 188 Mo. 260; Berkley v. Tootle, 163 Mo. 592; Railway v. Elwood Grain Co., 199 Mo. App. 435; Guibert v. Kessinger, 173 Mo. App. 677.

*Alfred Kehde* for respondent.

(1) The general rule is that the Statute of Limitations of the place where the remedy is sought governs. McCoy-v. Railroad, 134 Mo. App. 622; Gross v. Watts, 206 Mo. 373, 397; McMerty v. Morrison, 62 Mo. 143;

Stirling v. Winter, 80 Mo. 147; Williams v. Ry. Co., 123 Mo. 573, 583; Hurley v. Mo. Pac. Ry. Co., 57 Mo. App. 675, 683. (2) The action is barred by the statute. Sec. 1889, R. S. 1909; Sec. 1317, R. S. 1919; McCoy v. Ry. Co., 134 Mo. App. 622. Section 1324 has no application to this case. It applies only to cases where the cause of action has been barred in the state in which it arose. Theis v. Wood, 238 Mo. 643.

WHITE, C.—Action for personal injuries, filed May 20, 1920, in the Circuit Court of the City of St. Louis, wherein plaintiff demanded judgment for twenty-five thousand dollars.

Defendant filed a demurrer to the petition, which was sustained August 30, 1920. Plaintiff declined to plead further, and judgment was entered against him on the second day of September, 1920, from which he appealed to this court.

The petition shows that plaintiff now is, and at all the times mentioned was, a resident of the State of Illinois; that the defendant has been a resident of the State of Missouri since the year 1907.

For cause of action the plaintiff alleges that on the twentieth day of September, 1899, while he was of the age of about twelve years and lawfully upon the public highway in the village of Odin in the State of Illinois, the defendant, likewise a resident of that village was, on the same highway, in possession of a single barrel shotgun, ''and did then and there carelessly, negligently and recklessly handle and operate said shotgun so as to cause same to be fired or discharged directly toward this plaintiff, this plaintiff receiving the charge from said shotgun, fired by the defendant as aforesaid, the shot therefrom lodging in his left shoulder, back, and left side of his head,'' etc.

The petition, after specifying the various injuries resulting from the shot, continues as follows:

''Plaintiff further states that he became of the age

of twenty-one years on the 12th day of April, 1908, that on that day there was in full force and effect in the State of Illinois and applicable to the County of Marion, in which this plaintiff then resided, a general statute entitled, 'An Act in regard to limitations;' . . . that Section 14 of the aforesaid act provides that actions for personal injuries may be brought at any time within two years after the cause of action accrues; that Section 18 of the aforesaid act provides that the statute shall not run while the defendant is out of the State; and that Section 21 of the aforesaid act provides, among other things that where a cause of action for personal injuries accrues to a minor that he shall have a period of two years after attaining his majority in which to institute his suit therefor."

The petition then states that in the month of July, 1908, in the Circuit Court of Marion County, Illinois, plaintiff brought suit against the defendant; summons was issued thereon and returned by the sheriff "not found," owing to the fact that the defendant, shortly prior thereto, had left the State of Illinois and taken up his abode in the city of Saint Louis, State of Missouri, where the said defendant has ever since resided.

Defendant demurred to the petition on the ground that the petition showed on its face that the plaintiff's cause of action accrued more than five years prior to the filing of the petition therein and was barred by the Statute of Limitations of this State.

I. It is conceded that the Statute of Limitations of the State of Illinois did not bar the action; the minority of the plaintiff and the non-residence of the defendant preventing the operation of the statute.

Limitations:
Actions Accruing Elsewhere.

It is likewise true that except for the statute of Illinois, Section 1317 of the Revised Statutes of Missouri of 1919, limiting the right to bring an action of this character to five years from the time the cause of action accrues, would bar this action.

Defendant invokes Section 1324, Revised Statutes 1919, as follows:

"Sec. 1324. *Limitations on actions originating in other states.*—Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this State."

The appellant contends that the Statute of Limitations of another state applies in all cases whether it extends beyond or falls short of the period of the Missouri statute. The question to be determined is whether Section 1324 shall be construed to enlarge the right of the plaintiff to bring an action *after* it is barred by the statute of this State, or shall be limited to what it says; whether the statute of limitations of another state affects an action brought in this State only when by its operation an action is *fully barred* by the laws of that state.

II. The language of Section 1324 is simple enough. It imposes an additional limitation upon causes of action arising in another state. It does not purport to relieve a suitor from the operation of our Statute of Limitations, but applies whenever a cause of action "has been *fully barred*" by the laws of the state in which it originated. In order to apply the construction for which the plaintiff contends it would be necessary to imply certain negative statements in the statute to the effect that when a cause of action is *not* barred by laws of the state in which it originated, the Statute of Limitations of this State cannot be applied in defense of the action.

Remedy and Right.

The general rule in this State and elsewhere is that the law of the forum applies where it affects the remedy, while the law of the place where the cause of action originated is applied where it affects the right. Statutes of limitations, which by their terms go to the remedy and do not extinguish the right, constitute a part of the *lex*

*fori* of every civilized country. [Williams v. St. Louis & San Francisco Ry. Co., 123 Mo. 573, l. c. 583.]

The court in that case said: "The law of the forum governs whether the right of action depends upon the common law, or a local statute, unless the local statute which creates the right also limits the duration of the right within a prescribed time."

The cause of action stated here is a common-law action, and the law of the forum under the general rule would necessarily apply as affecting the time within which the action must be brought, unless Section 1324 modifies the rule. That section is purely negative in its language; it confers no affirmative right and gives no additional privileges to a suitor.

III. It would be unnecessary to extend this discussion further if it were not for decisions construing Sec-

The General Rule    tion 1324, which say that a statute of limitations of another state *"applies"* (without qualification) to a cause of action arising in such state and sued on here. Such rulings are likely to be misundertood. Likewise there are some jurisdictions where the rule contended for by appellant is held to be correct. [Bruner v. Martin, 14 Am. & Eng. Ann. Cases, p. 39, note.]

Statutes similar to Section 1324 have received attention of courts in many states. In most of the cases where such a statute has been under consideration, the construction is affected by the residence of the parties and the consideration of the precise question involved here is quite rare. The case of Fletcher v. Spaulding, 9 Minn. 64, l. c. 67-68, is where an action was brought in Minnesota on promissory notes executed in the State of Massachusetts. The defendant pleaded the Statute of Limitations of Minnesota. The plaintiff had always resided in the State of Massachusetts, in which state both plaintiff and defendant resided at the time of the execution of the notes, and the defendant moved to the

State of Minnesota more than six years before the beginning of the action. If the Statute of Limitations of Massachusetts should be applied it would not bar the action, but it would be barred by the Statute of Limitations of Minnesota where the suit was brought. Minnesota had a statute very similar to our Section 1324. In commenting upon it the court said, at page 68:

"We cannot see how this provision in any way affects the case at bar. The effect of it is, simply to allow a citizen of Minnesota to plead the statute of limitations of a foreign state or country when it is more favorable than our own; . . . or, in other words, it confers a privilege on a defendant when sued by a foreigner which it denies to him when sued upon the same demand by a domestic plaintiff. Our own Statute of Limitations is always open to such of our citizens as can bring themselves within it, and foreign statutes may also be taken advantage of against foreign plaintiffs when more favorable than our own."

In the case of Isenberg v. Ranier, reported in 130 N. Y. Supp. 27, the Court of Appeals of New York applied the local statute of limitations where it was shorter than the statute of Connecticut where the cause of action arose. New York had a statute very similar to Section 1324. The court said in that case, at page 28:

"The effect of Section 390a, Code of Civil Procedure, is not to substitute the foreign statute of limitations for our own, but to impose it as an additional limitation. Thus an action, whether by a resident or non-resident, *must* be brought within the time limited by our general Statute of Limitations, and if it arose in a foreign state in favor of a non-resident it *cannot* be brought after the time limited by the laws of the state in which the cause of action arose. Thus a resident of this state, if not protected by the laws of the state in which the cause of action arose, by reason of his continued absence from that state, may still claim the protection of our own Statute of Limitations."

A promissory note was executed in Kansas; the debtor then moved to the State of Washington and resided there until the bar of the statute of limitations of that state had run against the note. Then suit was brought against him and service obtained upon him in Idaho. He pleaded the Statute of Limitations of Washington. The court held that the trial court erred in allowing that plea. [West v. Theis, 15 Idaho, 167.] The court said, at page 178:.

"In our opinion, it is the intention of our statute to avail a debtor who has entered into a contract to be performed in a foreign state of two, and only two, pleas of the bar of the Statute of Limitations; first, he may show that he has resided in this State for a period exceeding that of the bar of the Statute of Limitations of this State; second, he may show that the cause of action is barred by the Statute of Limitations of the state in which it was to be performed."

In the case of Hoggett v. Emerson, 8 Kan. 262, l. c. 264, the question arose as to the application of a foreign or domestic statute of limitations. The question was whether the *lex fori lex loci contractus* should apply. At page 264, it is said:

"The laws of the forum determine the remedy. We must look to the laws of this State to determine whether the action was barred. Section 22 of our Code of Civil Procedure is the only one which refers to the limitation-laws of other states. That provides that the limitations prescribed by the other sections of the statute may in some cases be reduced by the limitation law of the state in which the cause of action arose. *It makes no provision for any enlargement of the limitations of our laws.*"

Other authorities to a similar effect are: Sterrett v. Sweeney, 128 Am. St. (Idaho) 68, l. c. 74; Brown v. Hathaway (Va.), 51 L. R. A. (N. S.) 95, l. c. 98; L. & N. Railroad Co. v. Burkhart, 46 L. R. A. (N. S.) 687, and note; Bruner v. Martin, 14 Am. & Eng. Ann. Cases, 39; 17 R. C. L. p. 700. Copious notes are appended to the

case of Brown v. Hathaway, supra, where authorities on both sides of the question are reviewed. The generalization of the doctrine appearing in 17 Ruling Case Law at the page mentioned, is this:

"But a statute of this type may restrict, without enlarging, the statutory period of limitations prescribed by the *lex fori*. The general purpose of such a law will then be to give to one sued in this State the benefit of. a bar completed elsewhere, in which such statute exists. His liability will continue until such time as the cause of action is either barred in the state where it arose; or until the debtor has lived within the state of the forum a sufficient length of time to bar it by the statute of such state."

This court without passing directly upon the question has had occasion to consider it. The case of Theis v. Wood,. 238 Mo. 643, was an action upon a promissory note made payable in Kansas. The cause was barred by the Statute of Limitations in Kansas, but not barred by the Statute of Limitations in this State. The court applied the statute of Kansas and said, l. c. 656:

"Even if Wood's absence from Kansas had effect to suspend the Kansas Statute of Limitations as to him, it would not have the effect to suspend the Missouri statute which began to run in his favor, he being in this State as soon as the note became due."

The case of Thompson v. Lyons, 281 Mo. 430, was a suit for fraud and deceit. The cause of action arose in Kansas, and suit was brought in Missouri. The defendant pleaded the Statute of Limitations of Kansas and the Statute of Limitations in Missouri. This court in disposing of the case held that the Statute of Limitations of Kansas did not bar the action, because under the facts in the case the Kansas statute had not run. The court then disposed of the claim that the Missouri Statute of Limitations would bar the action (l. c. 452), by pointing out that suit was brought within five years, the Missouri statutory period from the time the cause of action ac-

crued. In other cases, where the cause of action arose in another state, this court under the authority of Section 1324 has applied the Statute of Limitations of the other state, but in all such cases the Statute of Limitations in this State had not run. [Handlin v. Burchett, 270 Mo. 114; Wojtylak v. Coal Co., 188 Mo. 260; Railway Company v. Grain Company, 199 Mo. App. 432; Gross v. Watts, 206 Mo. 373, l. c. 397.]

Undoubtedly the weight of authority is to the effect that Section 1324 imposes additional limitation upon the right to sue and does not enlarge the right to sue beyond the limitation of our own statute. By its very terms it affects only the remedy. That is, where the remedy is denied the suitor in the state where his cause of action arose, it is denied to him here. If it is not denied to him in the state where the cause arose it may be denied to him here by our Statute of Limitations.

The present case illustrates the absurdity of any other construction. The defendant had been residing in this State for a period of thirteen years when this suit was brought. He could have been sued at any time during that period. The plaintiff had been of age eight years when he filed this suit. If the rule contended for by appellant should apply, plaintiff could sue fifty years later as well as when he did.

The allegations of the petition show that none of the statutes of this State which operate to stop the running of the Statute of Limitations, Sections 1326, 1327, 1329, Revised Statutes 1919, applies to the plaintiff's cause. Section 1334, Revised Statutes 1919, provides that if the commencement of an action is prevented by the misconduct of the defendant the Statute of Limitations will not run during the period when the commencement of the action was so prevented. There is nothing in the allegations of the petition to bring the case within the operation of that statute. In short, the plaintiff attempts only to state facts which will prevent the running of the Statute of Limitations in Illinois, and does not

state any facts which prevented the running of a Missouri Statute of Limitations.

The trial court was right in sustaining the demurrer to the petition, and the judgment is affirmed. *Railey, C.,* concurs; *Reeves, C.,* absent.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.