251 S.W.2d 325 (1952)
JENKINS
v.
THOMPSON.
No. 42878.
Supreme Court of Missouri, Division No. 2.
September 8, 1952.
Jo B. Gardner, Monett, for appellant.
T. J. Cole, St. Louis, E. A. Barbour, Jr., Springfield, for respondent.
BOHLING, Commissioner.
W. D. Jenkins sued Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, a corporation, in the circuit court of Lawrence County, Missouri, for damages in two counts. Each count of plaintiff's petition was dismissed upon motion on the ground the Arkansas statutes of limitations barred the actions. Plaintiff appeals, contending the Missouri law applies and his action was timely filed. The amount involved vests appellate jurisdiction here.
Plaintiff's original petition was filed March 9, 1951. Defendant's motion for a more definite statement of plaintiff's claims was sustained. Thereafter plaintiff filed his "First Amended Petition," which, as stated, was dismissed upon defendant's motion.
In the first count plaintiff sought $55,600 damages for his alleged wrongful discharge from defendant's employ as railroad conductor. Plaintiff pleaded he had been an *326 employee of defendant for twenty-eight years and, since May 1, 1924, in the capacity of a conductor under a written "Schedule of Wages, Conductors" (attached to the petition as Exhibit 1 and incorporated therein by referencesection 509.130 RS Mo 1949, V.A.M.S.) executed in the State of Missouri and signed by J. B. Corn, General Chairman of the Order of Railroad Conductors in Missouri, and by E. C. Wills, Assistant General Manager, and J. Cannon, Vice-President and General Manager, for defendant; that on March 12, 1946, at Newport, Arkansas, he was removed from the service of defendant as a conductor, and on March 20, 1946, plaintiff, who resided in Memphis, Tennessee, received notification of his discharge, which was effective March 19, 1946; that plaintiff's discharge violated his rights under Articles 54 and 55 of said Exhibit 1 and was the result of bias and prejudice and not for good and sufficient cause; and that plaintiff would have held his regular daily run as conductor on defendant's trains between Memphis, Tennessee, and Newport, Arkansas, or a better run, for as many years as he might physically qualify to perform such duties had he been permitted to continue in service.
In the second count plaintiff asked $10,000 actual and $15,000 punitive damages for the alleged malicious prosecution of plaintiff by defendant on said March 12, 1946, at Newport, Arkansas, on a charge of public drunkenness, of which plaintiff was acquitted on September 23, 1946, in the circuit court of Jackson County, Arkansas.
Plaintiff says the "Schedule of Wages, Conductors," is a Missouri contract and Missouri law governs its validity, interpretation and plaintiff's rights thereunder,[1] and that plaintiff may sue for his wrongful discharge in breach thereof even though he was employed for an indefinite period.[2] Plaintiff presents this contention, we understand, in view of holdings in Arkansas that individual employees may not maintain actions under contracts of this nature on the ground the agreement is unilateral and lacking in mutuality, the employee not binding himself to work for the railroad for any specific time and being at liberty to cease work at will.[3] Defendant raises no issue on this contention of plaintiff and we take the case as presented.
Defendant states that plaintiff's cause of action is based on an oral contract; and plaintiff proceeded in his brief and oral argument here on that theory, contending that the Missouri statute providing for a limitation of five years for actions upon contracts not in writing (section 516.120 RSMo 1949, V.A.M.S.) applies, and that since he was discharged on March 19, 1946, and filed suit on March 9, 1951, his action was commenced within the five year limitation of section 516.120. The "Schedule of Wages, Conductors," is not signed by plaintiff, and he is not named as a party thereto. It employs no one. Plaintiff's cause of action is not established by merely proving said "Schedule of Wages, Conductors." Plaintiff has to establish his contract of employment and prove that he became an employee under circumstances making the terms of said collective agreement applicable to him, all of which was to be established under parol evidence. A contract of employment is a prerequisite to a cause of action for wrongful discharge from employment. Craig v. Thompson, Mo.Sup., 244 S.W.2d 37, 41[4]. Thus defendant's obligation does not arise fom the "Schedule of Wages, Conductors"; but arises only upon proof of facts aliunde said written contract, *327 and plaintiff's claim rests upon an oral contract. This is the holding of courts in Missouri and Arkansas. Baron v. Kurn, 349 Mo. 1202, 164 S.W.2d 310, 313, 314, 142 A.L.R. 666, and cases there cited; Annotation, 129 A.L.R. 615; Roberts v. Thompson, D.C.Ark., 107 F.Supp. 775, developed more fully hereinafter. See also Albrecht v. Indiana Harbor Belt R. Co., 7 Cir., 178 F.2d 577, 578; Kordewick v. Indiana Harbor Belt R. Co., 7 Cir., 157 F.2d 753, 754[3,4]; Illinois Central R.Co. v. Moore, 5 Cir., 112 F.2d 959, 965[8,10, 11], reversed on other grounds, 312 U.S. 630, 61 S.Ct. 754, 85 L.Ed. 1089. Some cases reach a different result, Moore v. Illinois Central R. Co., 180 Miss. 276, 176 So. 593; Union Pacific R. Co. v. Olive, 9 Cir., 156 F.2d 737.
Defendant's position is that, regardless of the law of which state governs the interpretation of the contract and a determination whether a breach occurred, plaintiff's cause of action originates in the state where the breach occurs; and since the alleged breach of the contract occurred in Arkansas plaintiffs' cause of action originated in Arkansas and the applicable Arkansas statute of limitations controls under section 516.180 RSMo 1949, V.A.M.S.
Said section 516.180 provides: "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."
The limitation period of the state of Arkansas for a cause of action based upon an oral contract is three years, viz.: "The following actions shall be commenced * * * within three [3] years after the cause of action shall accrue: First, all actions (of debt) founded upon any contract, obligation or liability, (not under seal [and not in writing],) * * *." § 37-206, Ark.Stat.1947; Ark.Rev.Stat., Ball & Roane, 1838, Ch. 91, § 6.
Section 509.220 RSMo 1949, V.A.M.S., provides: "2. In every action or proceeding wherein the pleading states that the law of another state is relied upon, the courts of this state shall take judicial notice of the public statutes and judicial decisions of said state."
Section 37-230, Ark.Stat.1947, provides: "This act and all other acts of limitations now in force, shall apply to nonresidents, as well as residents of this State. [Act Dec. 14, 1844, § 3, p. 24; C. & M. Dig., § 6962; Pope's Dig., § 8940.]" The Arkansas statutes here involved were enacted prior to 1844. See Ark.Rev.St., Ball & Roane, 1838, Ch. 91, § 6; Rock Island Plow Co. v. Masterson, 96 Ark. 446, 132 S.W. 216; Hill v. Wade, 155 Ark. 490, 244 S.W. 743. Consult Kissane v. Brewer, 208 Mo. App. 244, 232 S.W. 1106, 1109.
Plaintiff argues that the Arkansas statutes of limitation are statutes of repose; that they bar the remedy and do not destroy the right of action, Steele v. Gann, 197 Ark. 480, 123 S.W.2d 520, 523[7], 120 A.L.R. 754; Harris v. Mosley, 195 Ark. 62, 111 S.W.2d 563, 565[4], and that the statutes of limitations of the forum prevail unless the foreign statute (of lesser duration) extinguishes the cause of action, contending for the Missouri limitation period of five years for suits on oral contracts. Section 516.120 RSMo 1949, V.A. M.S. Plaintiff's cases of McMerty v. Morrison, 1876, 62 Mo. 140, 146; Morgan v. Metropolitan St. R. Co., 1892, 51 Mo.App. 523, 526, 529, and Williams v. St. Louis & S. F. R. Co., 1894, 123 Mo. 573, 582, 27 S.W. 387, 389(1) are distinguishable in that each involved a cause of action arising prior to the enactment in 1899, Laws 1899, p. 300, § 4280, R.S. 1899, of now section 516.180 RSMo 1949, V.A.M.S.
Farthing v. Sams, 296 Mo. 442, 247 S.W. 111, also cited by plaintiff, recognizes the common-law rule "that the law of the forum applies where it affects the remedy, while the law of the place where the cause of action originated is applied where it affects the right", and that this general rule stands modified by now section 516.180 R.S. Mo 1949, V.A.M.S. 247 S.W. loc. cit. 112[1]. The case also held that section 516.180 did not lengthen the limitation period prescribed by the Missouri statutes, but imposed *328 an additional limitation limiting, without enlarging, the time for instituting suit, stating: "That is, where the remedy is denied the suitor in the state where his cause of action arose, it is denied to him here. If it is not denied to him in the state where the cause arose, it may be denied to him here by our statute of limitations." 247 S.W. loc. cit. 113[2].
Statutes of limitations do not operate extraterritorially; but the effect of section 516.180 is to provide a special statute of limitations applicable to suits in the Missouri courts upon a cause of action originating in a sister state and to make the statutes of limitations of that state the law of this state to the extent stated in Farthing v. Sams, supra. Turner v. Missouri-Kansas-Texas R. Co., 346 Mo. 28, 142 S.W. 2d 455, 458[6], 129 A.L.R. 829; Alropa Corp. v. Smith, 240 Mo.App. 376, 199 S.W. 2d 866, 869[3].
Plaintiff's cases to the effect that statutes of limitations are procedural (affecting the remedy and not creating a condition to or extinguishing the cause of action) and embrace all actions falling within the terms of the statute at the time of the institution of the action (such as an amendment enlarging the limitation period), unless a contrary legislative intent be expressed, do not rule the instant issue. Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, 853 [2, 8, 13]; Cytron v. St. Louis Transit Co., 205 Mo. 692, 104 S.W. 109.
In Petty v. Missouri & Arkansas R. Co., 205 Ark. 990, 167 S.W.2d 895, two of the justices expressing their view considered that an action for wrongful discharge (like the instant action) was based upon a contract not in writing so far as the employee was concerned, and that plaintiff's action was barred by the Arkansas threeyear statute of limitations, 167 S.W.2d loc. cit. 899, 901. Another justice considered the suit could not be maintained because the agreement was unilateral and lacking in mutuality, the employee not binding himself to work for the railroad for any specified time and being at liberty to cease work at will, following the earlier case of St. Louis, I. M. & S. R. Co. v. Matthews, 64 Ark. 398, 42 S.W. 902, 39 L.R.A. 467. A fourth justice dissented. The United States Supreme Court denied certiorari in the Petty case, 320 U.S. 738, 64 S.Ct. 37, 88 L.Ed. 437, rehearing denied 320 U.S. 812, 64 S.Ct. 188, 88 L.Ed. 491.
In the case of Roberts v. Thompson, D.C. E.D.W.D.Ark., 107 F.Supp. 775, Roberts sued the instant defendant for alleged wrongful discharge in violation of a contract between defendant and the A.F. of L. Union. The Federal court followed the Petty case, supra, and also held plaintiff's suit was upon an oral contract of employment and barred by the Arkansas threeyear statute of limitations, § 37-206, supra, stating such actions are not brought directly upon the written collective bargaining agreement between the railroad and the union but upon the oral contract whereby the discharged employee was hired, and under such circumstances the statute of limitations governing suits upon oral contracts is applicable. See also the Arkansas cases of Scroggin Farms Corp. v. Howell, 216 Ark. 569, 226 S.W.2d 562; Hazel v. Sharum, 182 Ark. 557, 32 S.W.2d 315[2]; Dismukes v. Halpern, 47 Ark. 317, 1 S.W. 554.
It follows that plaintiff may not maintain the cause of action stated in count one of his petition after the expiration of three years.
From the foregoing, the Arkansas statutes of limitation also apply to the malicious prosecution count of plaintiff's petition. Defendant quotes the following Arkansas and Missouri statutes, reading, so far as material here:
"The following actions shall be commenced within one year after the cause of action shall accrue, and not after: first, all (special actions on the case), [actions] for criminal conversation, assault and battery and false imprisonment; * * * ." § 37-201, Ark.Stat. 1947; Ark.Rev.Stat., Ball & Roane, 1838, Ch. 91, § 7.
"Within two years: An action for libel, slander, assault, battery, false imprisonment or criminal conversation. *329 * * * " Section 516.140 RSMo 1949, V.A.M.S.
We find no statute of limitations of Arkansas which specifically limits the time for malicious prosecution actions in express terms or cases bearing directly thereon, and are cited to none. See St. Louis, I. M. & S. R. Co. v. Mynott, 83 Ark. 6, 102 S.W. 380. In Ripley v. Bank of Skidmore, 355 Mo. 897, 198 S.W.2d 861, 866, we considered the Missouri five-year limitation, Section 516.120 RSMo 1949, V.A.M.S., and not the two-year limitation, Section 516.140, supra, applied to the malicious prosecution of a civil suit. 34 Am.Jur. 768, § 109. A malicious prosecution action is a tort action on the case for damages. 1 Chitty on Pleading, pp. 148, 149; Bach v. Cook, 21 Ark. 571; Ahern v. Collins, 39 Mo. 145, 150; 54 C.J.S., Malicious Prosecutions, § 68, page 1036, n. 75; 35 C.J.S., False Imprisonment, § 4, n. 21, page 504; 38 C.J. 457, n. 64; 25 C.J. 447, n. 29. So far as material here Burton v. Tribble, 189 Ark. 58, 70 S.W.2d 503, 504[1], held that in all tort actions arising in Arkansas, not otherwise limited by law, the three year statute of limitations is applicable and bars the action. The statute therein referred to is now § 37-206, Ark. Stat. 1947, mentioned in the discussion of count one, providing a three-year limitation for, so far as involved in count two: " * * * fourth, all actions (of account, assumpsit, or on the case,) founded on any contract or liability, expressed or implied * * * ." Ark.Rev.Stat., Ball & Roane, 1838, Ch. 91, § 6. Thus, it appears that whether an action for malicious prosecution be considered an action on the case or a tort action for any liability (within the fourth subdivision of § 37-206) plaintiff's count for malicious prosecution is barred and the trial court reached the correct result. We are admonished in our code not to reverse a judgment unless error was committed materially affecting the merits of the action and also to give such judgment as the trial court ought to have given. Section 512.160, subds. 2, 3 RSMo 1949 V.A.M.S.
The judgment was for the right party. It is affirmed.
WESTHUES and BARRETT, CC., concur.
PER CURIAM.
The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.
All concur.
NOTES
[1] In re De Gheest's Estate, Mo., 243 S.W. 2d 83, 87; Baron v. Kurn, 349 Mo. 1202, 164 S.W.2d 310, 311[1], 142 A.L.R. 787; Illinois Cent R. Co. v. Moore, 5 Cir., 112 F.2d 959, 963[1, 2]; Williams v. Illinois Central R. Co., 360 Mo. 501, 229 S.W.2d 1, 20 A.L.R.2d 322.
[2] Craig v. Thompson, Mo.App., 240 S.W.2d 163, and upon transfer, Mo.Sup., 244 S. W.2d 37, 38, 41[3].
[3] Petty v. Missouri & Arkansas R. Co., 205 Ark. 990, 167 S.W.2d 895; certiorari denied 320 U.S. 738, 64 S.Ct. 37, 88 L. Ed. 437, rehearing denied 320 U.S. 812, 64 S.Ct. 188, 88 L.Ed. 491; St. Louis, I. M. & S. R. Co. v. Matthews, 64 Ark. 398, 42 S.W. 902, 39 L.R.A. 467; Roberts v. Thompson, D.C.Ark., 107 F.Supp. 775.