**R. J. KEATON, Plaintiff,**

v.

**Billy CRAYTON, Defendant.**

**Civ. A. No. 16262–3.**

United States District Court,
W. D. Missouri, W. D.

Sept. 22, 1969.

John A. Lloyd, Jr., for Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, Fla., for plaintiff.

Jack L. Whitacre, for Spencer, Fane, Britt & Browne, Kansas City, Mo., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND JUDGMENT FOR DEFENDANT

WILLIAM H. BECKER, Chief Judge.

This is a diversity tort civil action in which the plaintiff seeks recovery from the defendant for alleged malpractice. The defendant is a graduate doctor of medicine who was licensed to practice as a physician and surgeon in the State of Missouri at the time of the alleged

malpractice. At that time the defendant was employed as an intern by Mercy Hospital in St. Petersburg, Florida, in which state the defendant was not licensed as a physician and surgeon.

On December 3, 1962, the plaintiff was brought to the emergency room of Mercy Hospital in St. Petersburg, Florida, for treatment of a compound fracture of one of the bones of plaintiff's foot and other injuries. Plaintiff states that he thereafter developed tetanus and "stiffman's disease" (a condition affecting the nerve cells of the spinal cord with crippling consequences, shortening his life expectancy) as a result of defendant's alleged negligence in failing to administer tetanus antitoxin to plaintiff. In this connection, plaintiff states that the defendant was unlicensed to practice medicine in Florida and lacked the qualifications and experience for such license, but that defendant nevertheless undertook to treat and prescribe for plaintiff's injuries in a negligent manner.

This action was filed in this Court on December 1, 1966, nearly four years after the alleged negligent treatment of plaintiff by the defendant.

The defendant now moves for summary judgment against the plaintiff on the following two grounds: (1) plaintiff's claim for relief is barred by the Statute of Limitations of Missouri, Section 516.-140, barring malpractice actions which are not brought within two years after the date of the act complained of; and (2) plaintiff's action is barred by a release of his claim for relief given to the City of St. Petersburg, Florida.

As a result of pretrial proceedings in this cause, the facts are fully developed in respect to the applicability of the Missouri Statute of Limitations. The existence of the facts stated herein is not controverted by either party. In respect to the facts stated herein, there is no genuine issue of material fact within the meaning of Rule 56, F.R.Civ.P.

### The Question of Limitations

The defendant does not contend that this action for alleged malpractice would have been barred if instituted in the State of Florida on December 1, 1966. On the other hand, it is clear that under the shorter two-year Statute of Limitations of Missouri the action would be barred. See Section 516.140, RSMo, which reads as follows:

> "All actions against physicians, surgeons, dentists, roentgenologists, nurses, hospitals and sanitariums for damages for malpractice, error, or mistake shall be brought within two years from the date of the act complained [of] * * *."

The defendant, licensed as a physician and surgeon in the State of Missouri, is clearly within the definition of the words "physicians" and "surgeons," of Section 334.021, RSMo, V.A.M.S. (enacted in 1959). This latter section provides that the terms "physician" and "surgeon" shall be construed to mean physicians and surgeons licensed in Missouri when used in other statutes of the State of Missouri. Therefore, the two-year Statute of Limitations of Missouri would operate to bar this action unless there is some exception which would render it inapplicable.

Given these propositions the question is whether or not the Missouri courts would apply the shorter Missouri Statute of Limitations to bar this diversity action if it were instituted in a Missouri state court. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In diversity actions the federal court is required to apply the Statute of Limitations which would be applied by the state courts, in the interest of uniformity of result in diversity cases. Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. Or, in other words, in this diversity case the federal court must follow the choice of law rules prevailing in the state in which it sits. Klaxon Company v. Stentor Electric Manufacturing Company, Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L. Ed. 1477; Jamison Coal & Coke Co. v. Goltra (C.A. 8) 143 F.2d 889. Under Missouri choice of law doctrines, questions concerning the limitations of ac-

tions brought in Missouri are considered to be "procedural" matters governed by the law of the forum, Missouri. Nelson v. Browning, Mo., 391 S.W.2d 873, l.c. 881. Under Missouri law an action for a tort committed in a foreign state which would be barred by the Statute of Limitations of Missouri, if committed in Missouri, cannot be maintained in Missouri courts even though the action is not barred in the state where the cause of action arose. Farthing v. Sams, 296 Mo. 442, 247 S.W. 111; Carter v. Burns, 332 Mo. 1128, 61 S.W.2d 933; Restatement, Conflict of Laws, § 603; and Mo.Anno. Restatement, Conflict of Laws, § 603.

■ It is contended that since the defendant was not licensed in Florida, where the tort is alleged to have been committed, that the Missouri Statute of Limitations is not applicable. This contention is not tenable since the question under Missouri choice of law doctrines is whether the cause of action arising in a foreign state would be barred if it arose in Missouri. Cf. Restatement, Conflict of Laws, § 603, *supra.*

■ Plaintiff also contends that defendant is collaterally estopped from asserting in this case his status as a physician by virtue of the fact that, in the Florida courts, "based upon the same cause of action as is now before the Court, the defendant successfully attack-[ed] the service of process on the ground that he was not a physician and, therefore, not amenable to service of process under the Florida long-arm statute." That contention is unsound, however, when the terms of the Missouri Statute of Limitations are specifically applicable to defendant. There are no exceptions to the Missouri statute. For example, the two years runs continuously from the date of the act complained of, regardless of whether the injury is not discovered until later or has been concealed. National Credit Associates v. Tinker, Mo. App., 401 S.W.2d 954; Hellebrand v. Hoctor (C.A. 8) 331 F.2d 453; Brown v. Chicago, Rock Island & Pac. Ry. Co. (C.A. 8) 323 F.2d 420; Davis, Tort

Liability and the Statutes of Limitation, 33 Mo.L.Rev. 171.

■ Any contention that Missouri's borrowing statute, Section 516.190 (formerly Section 516.180), RSMo 1959, V.A. M.S., makes a presumably-longer Florida Statute of Limitations applicable would not benefit plaintiff in this case to give him a remedy in courts sitting in Missouri. That statute provides that whenever a "cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts of the state." Thus, only a shorter statute of limitations in Florida would operate to make the shorter Florida statute applicable. The Missouri rule is that, in a claim arising in a foreign jurisdiction, the limitation prescribed by the statute of the forum will prevail unless a shorter foreign statute operates to bar the claim. Miller v. Conner, 177 Mo. App. 630, 160 S.W. 582;. Jenkins v. Thompson, Mo., 251 S.W.2d 325.

■■ The reasons stated hereinabove for the foregoing conclusion are compelling. In addition, it should be noted that the Missouri Supreme Court generally construes its Statute of Limitations very strictly in favor of physicians to bar malpractice actions. Cf. Laughlin v. Forgrave, Mo., 432 S.W.2d 308.

For the foregoing reasons summary judgment should be rendered in favor of the defendant.

The ruling on the limitations question makes it unnecessary to rule on the more difficult question whether the action is barred by the release given the City of St. Petersburg. Cf. Anno. 73 A.L.R.2d 403, l.c. 433; Fla.St. § 54.28, F.S.A.

It is therefore

Ordered that defendant's motion for a summary judgment be, and it is hereby, granted. It is further

Ordered that the plaintiff have and recover nothing of and from the defendant and that the defendant be discharged from all alleged liability herein with his costs in this action expended.